(No. 16049.—Judgment affirmed.)

THE EQUITABLE COAL AND COKE COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(PETE FIANTACO, Defendant in Error.)

*Opinion filed October 28, 1924.*

1. WORKMEN'S COMPENSATION—*what is not evidence of earning capacity subsequent to injury.* Where an injured coal miner testifies that he has been unable to do any work since his injury, the fact that he also testifies that a grocery store owned by him and conducted by members of his family sometimes brought in an income of $100 per month, furnishes no evidence of his earning capacity subsequent to the injury.

2. SAME—*when an award for partial disability will not be disturbed.* An award for partial disability on evidence which, if true, would support an award for total disability, will not be disturbed where the applicant is not complaining. (*Consolidated Coal Co.* v. *Industrial Com.* 311 Ill. 61, followed.)

WRIT OF ERROR to the Circuit Court of Perry county; the Hon. J. F. GILLHAM, Judge, presiding.

GEORGE D. ANTHONY, for plaintiff in error.

HARLINGTON WOOD, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Defendant in error, Pete Fiantaco, was injured in the mine of plaintiff in error. The only question involved in the case is the extent of his injuries. The arbitrator found that he was entitled to compensation for temporary total disability at the rate of $13 per week for 72 weeks, totaling the sum of $936, and that $931.66 of that amount had been paid as compensation on account of the injury. Defendant in error filed his petition with the Industrial Commission for review. On hearing on review the commission found that he was entitled to compensation at the rate of $13 per week for 144 weeks' temporary total incapacity for

work, and thereafter further compensation for a period of 272 weeks at $6.90 per week, as provided in paragraph ($d$) of section 8 of the Compensation act, for partial incapacity. This award was affirmed by the circuit court and comes here on review.

The evidence shows that Fiantaco owns a grocery store. He testified that he did no work in the store aside from occasionally selling cigars or small articles; that though he went each day to the store the members of his family waited on the trade. He was injured by the dropping of a cage in plaintiff in error's mine. As a result of his injury he was confined to his bed for five months and has not worked in the mine since the day of the accident. His previous health was good. He testified that his right leg, front part of the thigh and back were injured to such an extent that he could not perform labor; that he did not go back to the mine to work because he could lift nothing; that he could not shovel or carry a bucket of coal or lift as much as ten pounds; that his condition was not improving. He testified the store brought sometimes an income of $100 per month and sometimes not so much. It is stipulated that prior to his injury he earned on an average $35 per week.

It is contended by plaintiff in error that the award is not based upon the evidence; that it does not consider defendant in error's capacity to earn after the accident; that there is no method of mathematical computation that can bring about the award of $6.90 per week as compensation for partial incapacity.

Paragraph ($d$) of section 8 provides that where the employee, as a result of the injury, becomes partially incapacitated in pursuing his usual and customary line of employment he is to receive as compensation a sum equal to fifty per cent of the difference between the average amount which he earned before the accident and the average amount which he is earning or is able to earn in some suitable employment or business after the accident.

Plaintiff in error argues that since it was stipulated that defendant in error earned $35 per week before the accident and he testifies that he has earned nothing since, there is no basis for computing one-half the difference between the average amount of earnings before the accident and the average amount of what he is earning or is able to earn after the accident. An award for partial incapacity contemplates an earning capacity after the injury, else the award should be for total incapacity. It is impossible to award one-half the difference between the average amount of earnings before the accident and the average amount which the employee is earning or is able to earn in some suitable employment after the accident, without evidence not only of the earnings of the injured before the accident but of his capacity to earn after the accident. While defendant in error testified that the grocery store sometimes brought in $100 a month, he also testified that he did not have anything to do with the running of the store aside from occasionally selling cigars or small articles,—that his family ran the store. The item of $100 per month cannot be taken as evidence of his earning capacity subsequent to his injury, since he testified that he does not work in the store and that he has been unable to do any work. His testimony is, if it be believed, that he is not partially but wholly incapacitated. This court held in *Consolidated Coal Co.* v. *Industrial Com.* 311 Ill. 61, that an award for partial disability on evidence that would, if true, support an award for total disability, will not be disturbed where the applicant is not complaining. That case is controlling here.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*