PAUL DORFMAN *vs.* ROSENTHAL ACKERMAN MILLINERY CO.

MAY 14, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is a petition under the workmen's compensation act. After a hearing in the superior court a justice thereof entered a decree which, among other things, contained a finding that the petitioner was partially disabled by reason of an accidental injury arising out of and in the course of his employment by the respondent, but ordered that the prayer for compensation for such partial disability be denied and dismissed because he had failed to prove with a reasonable degree of definiteness the amount of his loss of earning capacity.

From the entry of this decree the petitioner alone appealed, claiming that it is against the law and the evidence; that the finding of the court that the disability of the petitioner had no effect upon the extent of his business is not supported by legal evidence; and that there is evidence from which the court could have found

the amount of the loss of his earning capacity. This appeal is now before us.

From the evidence certain undisputed facts appear. In April 1937, while employed in Connecticut, he received a sacroiliac or lower back strain, which eventually caused him to leave his then employment and kept him out of work for some time. On July 23, 1937 he was employed by the respondent as buyer and manager of its millinery department, his customary occupation, at a salary of $50 a week. On October 14, 1937, while so employed, in helping to lift a table upon which goods were displayed, he again injured his back by aggravating or causing a recurrence of the pre-existing sacroiliac or lower back strain. This is the injury involved in the instant case.

After resting and receiving medical attention, the petitioner returned to his work with the respondent on December 4, 1937 and was there employed until January 10, 1938, when he was discharged, being paid in full up to January 17, 1938. In the latter part of February, 1938 he made preparations to start a millinery business of his own in Bridgeport, Connecticut, under the name of Paul B. Dorfman Self Service Millinery Shops. This store was apparently opened for business about March 14, 1938, and, at the time of the hearing in the superior court, was being conducted by the petitioner with the assistance of his wife and two employees. Out of the income of this business the petitioner and his wife jointly drew $25 weekly for the services of both. From the record it appears that, partly by agreement of the parties concerned and partly by the terms of the decree entered herein, the petitioner has been paid compensation for total disability, for the time he did not work, up to March 14, 1938.

He contends that, under the provisions of public laws 1936, chapter 2358, sec. 6, which amended portions of the workmen's compensation act, and which is now general laws 1938, chap. 300, art. II, § 11, he is entitled to a payment

of $12.50 per week by reason of partial disability, as found by the trial justice and not now questioned, being one half the difference, not exceeding $13, between the weekly salary of $50 he was receiving from the respondent when injured, and the $25 per week being drawn from his own business at the time of the hearing. The respondent, on the other hand, maintains that the trial justice was correct in his findings, and that there was no evidence from which he could properly fix any compensation for the petitioner on account of the partial disability in question.

Section 6, *supra,* is in part as follows: "While the incapacity for work resulting from the injury is partial, the employer shall pay the injured employee a weekly compensation equal to one-half the difference between his average weekly wages, earnings, or salary, before the injury and the average weekly wages, earnings or salary which he is able to earn thereafter but not more than thirteen dollars a week . . . ."

This court has held, in a case in which the facts were different from those in the instant case, that the corresponding section of the workmen's compensation act as originally passed, and similar to the above except as to the amount to be paid, "is only intended to furnish compensation for loss of earning capacity. Without such loss there is no provision for compensation in the section, although even permanent physical injury may have been suffered, and the burden is upon a petitioner to show this loss and, with reasonable definiteness, its amount." *Weber* v. *American Silk Spinning Co.,* 38 R. I. 309, at 315.

In attempting to show his loss of earning capacity, the petitioner testified that after he was discharged by the respondent he tried to find work elsewhere in his customary employment. His testimony in this connection was somewhat indefinite. Apparently he visited some prospective employers and wrote others. In direct examination he

specified three places at which he had sought work and added, "that is about all."

He admitted that he was able to drive his automobile subsequent to March 14, 1938, but testified, in substance, that he was not able to do as much work in his own store as he had done when employed by the respondent. He gave evidence that, when conducting his own business, he sometimes had to lie down during working hours in a back room of his store in order to rest, and that occasionally he was compelled by his physical condition to remain at home for a day. It appeared in evidence, however, that he had general oversight of his business, helped mark the goods, buy the hats, and greet the customers, all constituting a large part of his duties when working for the respondent. He denied that he did cleaning around his store or dressed the show window. The respondent, however, placed a witness on the stand who testified that he had seen the petitioner doing these things in his Bridgeport store.

In regard to the $25 which the petitioner drew weekly he gave the following testimony: "Q. Do you receive any set wages? A. No, sir. Q. Are you paid anything at all, and what way are you compensated for services down there? . . . A. We draw $25.00 a week. Q. Now what do you mean by 'we'? A. My wife and I, just for living expenses. Q. Do you draw $25.00 yourself, and your wife $25.00? A. No, sir; we both jointly draw $25.00 a week. Q. That $25.00 a week is drawn from the business for yourself and your wife; is that correct? A. Yes, sir. Q. And do you receive any other income from the business? A. No, sir. Q. Do you receive any profits from the business? A. We haven't had any profits." He also testified on cross-examination: "Q. The fact of the matter is this, Mr. Witness, your lack of ability now to earn more money in the store is economic; it is because there are not more profits; isn't it? A. Yes."

The finding of the trial justice that the petitioner was partially disabled was a finding of fact. Upon consideration

we cannot say that there was no legal evidence to support that finding. Such being the case, and there being no question of fraud raised, the finding becomes conclusive under the provisions of the workmen's compensation act. However, on the ground that there was a lack of competent evidence on the point, the trial justice failed to make a finding of the amount due the petitioner for such partial disability.

The petitioner, in support of his contention that there was sufficient evidence in the case from which the trial justice could have found the extent to which his earning capacity had been impaired by his injury, relies chiefly on the evidence showing the amount now being taken each week from his own business, as compared with his earnings before he was hurt. The language used in other acts in relation to compensation for partial disability differs from ours slightly, and hence cases from other jurisdictions cannot always be cited as being directly in point on the issue before us, but nevertheless they are helpful. Regardless of the terms used it is generally held that compensation is awarded only for loss of earning capacity or power.

In *Federico's Case*, 283 Mass. 430, 88 A. L. R. 630, it appeared that the claimant, who after his injury became a partner in a business, drew therefrom a fixed amount weekly and also profits. The court held that there was evidence showing that the value of his personal services to the partnership did not exceed what he was drawing weekly therefrom, but the court refused, in determining his earning capacity, to take into consideration the profits he received from the partnership. In construing the phrase "the average weekly wages which a claimant is able to earn after the injury", the court stated at page 432 that such words "include the whole monetary result of a reasonable use of all his powers, mental and physical, whether working for others or for himself, and whether his earnings are called 'wages' in common speech or not." The court, however, then pointed

504

out, further on, that "one may have income other than earnings, and such income does not affect his right to compensation". And the court also said: "The income from a claimant's 'savings' . . . or from other capital, does not arise from his ability to earn."

It has been held, therefore, that mere profits as such, taken by an injured employee from a business which he was conducting or was interested in, or wages received by him in an unusual or possibly temporary employment, are not in themselves evidence of the earning power of such employee, or proof of what he is able to earn after his injury. Some pertinent and competent evidence on that question must be submitted to the trial court to enable it to make a finding. *Henry* v. *Pittsburgh Rys. Co.*, 131 Pa. Super. 252, 200 A. 294; *Keiser* v. *Philadelphia & Reading Coal & Iron Co.*, 134 Pa. Super. 104, 4 A. 2d 188; *McCann* v. *McCormack's Garage, Inc.*, 203 N. Y. App. Div. 387; *Federico's Case, supra; Paterson* v. *Moore & Co.*, 3 Butterworth's Work, Comp. Cases, 541; *Sullivan* v. *Anselmo Mining Corp.*, 82 Mont. 543; *Moore* v. *Peet Bros. Manufacturing Co.*, 99 Kan. 443; *Equitable Coal Co.* v. *Industrial Com.*, 313 Ill. 300. See also *Calico Printers' Assoc., Ltd.*, v. *Higham* (1911) 1 K. B. Div. 93, at 102.

Upon consideration, we are disposed to agree with the trial justice that the evidence in the instant cause as to the present earning capacity of the petitioner is insufficient and unsatisfactory. It is difficult to determine from the evidence relating to the withdrawals of $25 per week, which the petitioner and his wife were taking from the business, whether such withdrawals represent merely the profits of the business, or payments in whole or in part in the nature of wages or salary. Even assuming the latter to be the correct situation, the evidence falls short of showing the value of the petitioner's personal services or what proportion of the $25 represented the petitioner's compensation for such services. It is conceivable that available evidence might show that,

taking into consideration his physical condition and the work which he is able to do, his earning capacity might be more or less than what is being drawn therefor, whatever that sum may be.

Under the provisions of the workmen's compensation act, G. L. 1938, chap. 300, art. III, § 10, this court, in disposing of appeals relating to petitions brought under the act, is given authority to enter such orders in reference to further proceedings in the superior court as may be necessary to bring about substantial justice. Section 10, *supra,* contains the following language: "The supreme court after hearing any appeal shall determine the same, and affirm, reverse or modify the decree appealed from, and may itself take, or cause to be taken by the superior court, such further proceedings as shall seem just."

Therefore, in view of the fact that the trial justice found that the petitioner was partially disabled by the injury involved herein, which finding is not questioned, and in view of our broad powers under the section above referred to, we are of the opinion that the parties should be given an opportunity to present in the superior court to the same justice, if available, further evidence, as to what extent such injury diminished, if at all, petitioner's previous earning capacity. It does not appear that such evidence cannot be produced.

The petitioner's appeal is sustained, the decree appealed from is modified by striking therefrom that portion which denies to the petitioner compensation for partial disability, but is otherwise affirmed; and the cause is remanded to the superior court for completion of hearings, for taking of any pertinent further evidence, the making of additional findings of fact, and further proceedings in accordance with this opinion.

*Roger L. McCarthy, M. Louis Abedon,* for petitioner.

*Carroll & Dwyer, Edward F. J. Dwyer,* for respondent.