LAWRENCE T. BURNS *vs.* RHODE ISLAND TOOL COMPANY.

JANUARY 18, 1952.

PRESENT: Flynn, C.J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J.  This is a petition by an employee under the workmen's compensation act, general laws 1938, chapter 300, to review a preliminary agreement for compensation. The case is before us on the employer's appeal from a decree of the superior court in favor of the employee.

The petitioner claims compensation for incapacity allegedly due to a "recurrent hernia post operative" in the left inguinal area.  It is undisputed that on July 29, 1946 he had an accident arising out of and in the course of his employment as a "second hand" in the drop forge shop of the respondent, and that some time thereafter while still

so employed he developed bilateral inguinal hernias. His duties as a second hand included the care of furnaces, supervision of a number of men and substituting for any of them when necessary. While acting as a substitute, at times he had to take steel weighing up to 25 pounds out of a furnace and to lift dies of various weights up to 300 or 400 pounds with the assistance of one other man.

An operation for the bilateral hernias was performed by Dr. E. Victor Conrad on September 9, 1948, and on October 4 the parties entered into a preliminary agreement providing for the payment of compensation for total incapacity from the date of incapacity, September 9, 1948. On December 28, 1948 he signed a settlement receipt with the notation thereon that he returned to work "but no work available." Thereafter he was employed as one of several night janitors of a school in the city of Pawtucket where his work consisted of some light cleaning and watching the water gauge on oil boilers. The evidence shows that petitioner suffered no accident and did no heavy lifting after the operation of September 1948. He further testified that he was willing to submit to an operation for his present hernia.

In February 1949 petitioner consulted Dr. Conrad for a pain in his left inguinal region. As the doctor was not available because of illness at the time of trial, the result of his examination on that occasion appears in the record through a letter from him to petitioner's counsel under date of November 7, 1949, which letter was admitted in evidence as respondent's exhibit by agreement of the parties. In so far as material the letter reads as follows: "My record of Mr. Lawrence Burns, an employee of Rhode Island Tool Company, shows that I repaired double inguinal herniae in September, 1948. His last post-operative visit was October 21, 1948 at which time examination showed both sides firm and no evidence of recurrence. He again visited me on February 23, 1948 [obviously meaning 1949] at which time the right side was firm and the left side showed a slight bulging which appeared to me to be some

swelling of the cord, which at the time of operation was transplanted under the skin. I, however, could not be definite about this and made a note that it could be a small direct hernia."

The petitioner produced as a witness Dr. Charles L. Farrell, his family physician. The extended direct and cross-examination of the doctor resulted in a confusing record which makes his testimony difficult to interpret unless read as a whole. The following references, however, will be sufficient for present purposes.

In the course of his examination by counsel for petitioner, the doctor testified that the petitioner had a hernia on the left side and that since he "didn't have a record of a hernia on that side in the first place" he could not say whether it was new or recurrent. To refresh his recollection he was then shown a letter written by him under date of August 19, 1949 wherein he said that the hernia was "evidently a recurrent hernia, post operative." The subsequent examination based upon that letter gave rise to a discussion which led the trial justice to ask the doctor certain questions which he answered as follows: "Medicine is not an exact science. We have to be as general as possible. It is very difficult to be specific at all times. * * * He [petitioner] had an operation. Following the operation we find a definite hernia in the same area that was operated on, and I feel and felt at that time, and still do, probably a hernia which had come back after once being repaired."

On more than one occasion in cross-examination Dr. Farrell testified that he had no opinion as to the "cause" of the hernia. Whether such answer was attributable to his misunderstanding of the meaning intended to be given to the word "cause" by the examiner, or to professional reticence due to the fact that petitioner had been operated on by another doctor at which operation the witness was not present, we cannot tell because of the manner in which he was questioned both in direct and cross-examination.

However, the following excerpt from his testimony is illustrative. "Q. * * * By 'recurrent' you mean he now has a hernia in a place where he had a hernia before? A. Presumably he had one, he had an operation for it. Q. When you say 'post operative' you mean in point of time the hernia you observed now followed an operation? A. Yes, that is obvious. Q. But as to the cause of the hernia you now observed, because of the lack of evidence to which you have alluded, you have no opinion? A. That is correct."

On the evidence as herein summarized the trial justice found that petitioner was suffering from a left inguinal hernia which was a recurrence of the one covered by the preliminary agreement and that he was partially incapacitated therefrom. Since petitioner was willing to undergo another operation for the hernia he ordered respondent to pay $16 a week as partial compensation for the period of thirty days from the entry of the decree in the instant case "unless the employee enters a hospital for such operation prior to the expiration of said thirty days. * * * During the period of time when the employee is in the hospital, or otherwise recovering from the operation for a hernia, and is totally incapacitated by reason thereof, he shall be paid compensation at the rate of $20.00 per week." He further ordered respondent to pay the medical and hospital expenses connected with the operation.

General laws 1938, chap. 300, art. III, §13, as amended by public laws 1949, chap. 2274, provides that a decree or preliminary agreement may be reviewed at the instance of either party upon the ground that the incapacity of the injured employee has "diminished, ended, increased or returned * * *." (italics ours) Petitioner here claims that he is presently incapacitated by a "recurrent hernia" which, so far as we are informed, is not a technical medical term. In ordinary language the words "recurrent" and "returned" have the same meaning. Translating petitioner's claim, as made, into the words of the statute he seeks compensation on the ground that his incapacity due to a compensable

hernia has returned. The determinative question in this case is therefore one of fact.

It is well settled that by force of the act, art. III, §6, and numerous decisions of this court, the findings of fact by a trial justice are, in the absence of fraud, conclusive if supported by legal evidence. Unless his decision is so supported it would amount to an error of law which will be reviewed by this court. We examine the facts merely to ascertain whether there is any legal evidence to support a questioned finding. If there is, the existence of other evidence contrary to that relied upon by the trial justice does not warrant us in disturbing his decision. It is also well settled that a conclusion by way of reasonable inference is a finding of fact.

Because Dr. Farrell would not commit himself as to the cause of the hernia, respondent contends that there was no legal evidence to support the finding of the trial justice that petitioner should receive compensation for a recurrent hernia. There might be some force, the extent and effect of which we do not decide, to respondent's contention if Dr. Farrell, whose integrity, medical knowledge and professional standing were unquestioned, had not given other probative testimony respecting his opinion as to the nature of petitioner's present hernia. What Dr. Farrell testified to in direct examination and in answer to questions by the trial justice cannot be dismissed or disregarded as of no legal significance. When the doctor's testimony is read as a whole, as it should be for a proper understanding thereof, it discloses legal evidence which is fairly open to different and opposite conclusions, at least by way of reasonable inference.

Upon consideration of all the evidence before him, which included his interpretation of Dr. Farrell's testimony, the trial justice found as a fact that the petitioner was suffering from a recurrent hernia, that is, using the language of the act, that his incapacity due to a prior compensable hernia

174

had "returned." After a careful examination of the entire record in the case we cannot say that the decision of the trial justice in favor of the petitioner was not supported by legal evidence. In such circumstances we cannot disturb his finding.

It should be noted that the time fixed in the decree appealed from providing for the hernia operation has now expired. In view of our conclusion, however, a new decree should be entered in the superior court providing for such operation to be performed within the same period of time from and after the entry of the new decree.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, except as above qualified, and the cause is remanded to the superior court for the entry of a new decree in accordance with this opinion.

*Michaelson & Stanzler, Julius C. Michaelson,* for petitioner.

*Boss & Conlan, John T. Keenan,* for respondent.