STILLWATER WORSTED MILLS, INC. *vs.* EDMUND BEAL.

APRIL 22, 1959.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

ROBERTS, J. This is an employer's petition under the workmen's compensation act to review a preliminary agreement entered into by the parties on June 14, 1957 on the ground that the incapacity of the respondent employee had diminished or ended. The agreement provided for the payment of compensation for total incapacity resulting from an injury arising out of and in the course of the respondent's employment. The case was heard by a trial commissioner who entered a decree directing that the payment of compensation be suspended. The respondent appealed from said decree to the full commission which, after hearing thereon, entered a decree in which it found that the respondent remained totally incapacitated and denied and dismissed the petition. From that decree the petitioner has appealed to this court.

It appears from the record that the employee was injured on June 4, 1957 while in petitioner's employ. In the preliminary agreement his average weekly wage was fixed at

$69.43 and compensation for total incapacity was provided for at the rate of $32 weekly.

At the time of his injury respondent was working on the night shift and had also been serving for some years as the minister of a church in Harrisville, Rhode Island. His annual salary as a minister was $3,000. He continued to serve in a ministerial capacity for such church until March 1, 1958, at which time he moved with his family to Saco, Maine, where he had accepted a call to the pastorate of two local churches at a salary of $4,200. It is not disputed that respondent has performed no work since his injury other than to serve as a minister. Neither is it disputed that he now earns more than his average weekly wage at the time of his injury.

The question raised here is concerned with the earnings that may properly be included in computing the post-injury earnings of an injured employee for the purpose of ascertaining whether the loss of earning capacity resulting from his injury has ended. In his decision the trial commissioner correctly stated the law of this jurisdiction when he said that under our act compensation is paid only for loss of earning capacity, citing *Nunes* v. *Davol Rubber Co.*, 87 R. I. 271, 140 A.2d 272. He then found, taking into consideration respondent's earnings as a minister, that such earnings were more than he received at the time of his injury while in petitioner's employ and he decreed that petitioner could suspend payment of compensation.

The full commission reversed the trial commissioner, holding that he erred when in computing the post-injury earnings he considered the earnings of respondent in an occupation unlike and unrelated to the work which he was performing when he was injured. The full commission held that, in computing post-injury earnings of an injured employee to determine the extent of his loss of earning capacity, consideration is limited to wages earned in the same employment in which he was injured "or a similar or sub-

stitute employment." We cannot agree with this proposition.

Payment of compensation for total incapacity is provided for in general laws 1956, §28-33-17. The pertinent language of that section reads as follows: "While the incapacity for work resulting from the injury is total, the employer shall pay the injured employee a weekly compensation equal to sixty per cent (60%) of his average weekly wages, earnings or salary * * *." The petitioner argues in substance that an injured employee's incapacity for work remains total only so long as he is incapable of earning any wages at all, and any wages that he does earn should be considered in computing his post-injury earning capacity without regard to the nature or character of the employment in which they are earned.

We have held that the average weekly wages contemplated in §28-33-17, to a percentage of which an injured employee is entitled so long as his incapacity for work remains total, are computed as of the time of the injury on the basis of the wages which he earned in the particular employment in which he was injured. *De Asis* v. *Fram Corp.*, 78 R. I. 249. The respondent argues that because we have thus restricted the earnings to be considered, in computing the average weekly wages, to those earned in the employment in which the employee was injured, we likewise should restrict the post-injury earnings to be considered, in ascertaining whether his incapacity has ended, to such wages as are earned in the same employment or employment of like character.

We do not agree with this contention of respondent. It is our opinion that in computing an injured employee's post-injury earnings for the purpose of determining whether his incapacity for work remains total, all of his wages and earnings are to be considered without regard to whether the same were earned in the employment in which he was

injured, or in employment of like character or nature, or in dissimilar or unrelated kinds of employment.

The "incapacity" referred to in §28-33-17 is loss of earning capacity. *Nunes* v. *Davol Rubber Co., supra.* A reading of that section makes it clear that the legislature measures "incapacity" by "earnings." To disregard an entire area of such "earnings" as petitioner here urges would in our opinion virtually nullify the test established in §28-33-17. The relationship between "earnings" and "incapacity" is a practical and reasonable one, and it would be unrealistic and arbitrary to impose upon it a restrictive legalistic definition.

The respondent argues that there is an inconsistency between the position which we now take and the pre-injury definition of earnings in §28-33-20 as contained in the *De Asis* case. If such inconsistency exists between the two sections, then it is a problem for the legislature to solve. Our consideration must be limited to the language and objectives of §28-33-17. The conclusion which we have reached as to the meaning of the language appears to be the only reasonable one in the light of those objectives.

We do not perceive that there is any merit in the respondent's contention that the language of G. L. 1956, §28-33-21, prohibits computing post-injury earnings from sources other than employment of like character to that in which the employee was injured. It seems clear to us that the benefits to which that section makes reference do not include wages or earnings received outside of the employment in which the employee was injured.

The petitioner's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Francis V. Reynolds, Richard P. McMahon,* for petitioner.

*Semonoff & Semonoff, Ralph P. Semonoff,* for respondent.