217 A.2d 82.

THOMAS COREY *vs.* HASSENFELD BROS., INC.

FEBRUARY 25, 1966.

PRESENT: Roberts, C. J., Paolino and Joslin, JJ.

ROBERTS, C. J. This is an employee's original petition for compensation. The petition was heard by a trial commissioner, who thereafter entered a decree in which he found that the petitioner "has failed to prove by a fair preponderance of the credible evidence that on or about August 27, 1964, the petitioner sustained a personal injury, to wit: strain of back and neck, or injury to head, which arose out of or was sustained in the course of his employment with the respondent, or was connected therewith, or was referable thereto" and proceeded to deny and dismiss the petition. From that decree the petitioner appealed to the full commission, which on April 2, 1965 entered a decree affirming that of the trial commissioner. The case is before this court on the petitioner's appeal from that decree.

The petitioner in this court argues that the commission misconstrued and misconceived evidence adduced by him to establish that he had been injured by a fall while doing janitorial work in respondent's plant and that such fall resulted in an acute cervical strain and head injury. He argues that there is in the record no legally competent evidence that will support the finding of the commission as

set out in the decree. On the contrary, he argues that the evidence on the issue of injury within the course of the employment was uncontradicted and should control, expressly relying in this contention on *Walsh-Kaiser Co.* v. *Della Morte*, 76 R. I. 325.

In so arguing, petitioner appears to overlook the effect of the impeachment of evidence otherwise uncontradicted under the rule in that case. His argument discloses that he recognizes that the real issue before this court is the scope of the fact-finding power of the commission and the settled rule that on a review in this court of the decree of the commission we will not weigh the evidence or pass upon credibility. *Costa* v. *Cars, Inc.*, 96 R. I. 396, 192 A.2d 1. The real thrust of petitioner's contention is disclosed by his statement that "It is inconceivable that a trial commissioner could discredit all the testimony given by the petitioner and give great weight to that of the investigator and the fellow worker."

No useful purpose would be served by our engaging in an extended discussion as to the scope of the fact-finding power of the commission. The extent of such power in the commission is fully explored and defined in *McDonald* v. *John J. Orr & Son, Inc.*, 94 R. I. 428. There we said at page 431: "Where the commission, in an exercise of its fact-finding power, determines the probative force of legally competent evidence, its action therein will not be reviewed by this court." This rule, in our opinion, has application to the instant case and is dispositive of petitioner's contention that the commission erred in denying and dismissing his petition.

It may be well if we reiterate that it is settled that the question of credibility of witnesses in a compensation proceeding is exclusively for the commission. *Mnych* v. *Lippitt Worsted Mills, Inc.*, 85 R. I. 288. In *McDonald* v. *John J. Orr & Son, Inc., supra,* we attempted to illumine this

principle when, at page 432, we said: "It is our opinion that the instant decision was based upon a determination of the commission as to the credibility of the witnesses and the weight of the evidence, and in such circumstances it will not be disturbed by this court." Applying this rule to the instant case requires this court, in our opinion, to sustain the action of the commission.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Moses Kando,* for petitioner.

*Hinckley, Allen, Salisbury & Parsons, Thomas J. Hogan, Thomas D. Gidley,* for respondent.