267 A.2d 717.

GEORGE PELOSO *vs.* PELOSO, INC.

JULY 13, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This is an employee's petition to review a preliminary agreement entered into between him and his employer and a final decree of the Workmen's Compensation Commission. The petition alleges that the employee is now partially incapacitated; that the agreement is erroneous because it misdescribes his injuries and fails to set forth his correct average weekly wage; and that he is entitled to specific compensation payments. When the petition came to be heard before the trial commissioner, it was amended to include a further allegation that the employee's present salary was less than the average weekly wages he was receiving at the time of his injury. At the same hearing, the employee withdrew his request for specific compensation. The trial commissioner entered a decree which held that the employee was partially incapacitated, and ordered the payment of compensation benefits. Both parties took an appeal to the full commission. The full commission, with one commissioner dissenting, sustained the employer's appeal, denied the employee's appeal, and a decree was entered denying and dismissing the petition. The case is before us on the employee's appeal from the commission's decree.

This appeal marks the second time[1] that this employee has been before this court contesting the denial to him of compensation benefits for work-related injuries. The facts relevant to the incident which caused the employee's injuries can be found in *Peloso, Inc.* v. *Peloso,* 103 R. I. 294, 237 A.2d 320. There George described himself as a stockholder in a family business. He worked in the business as a rigger. This was a job which played an important part in the corporation activities since it specialized in the interstate transportation of heavy cargo. On Septem-

---

[1]Actually, the employee has been before us three times. For the civil suit aspect of Peloso's injuries, see *Peloso* v. *Imperatore,* 107 R. I. 47, 264 A.2d 901.

ber 22, 1965, a crane boom on which George was working became loose, swung out of control and pinned him against the cab. As a result of this mishap, George's trachea was ruptured and his ribs fractured. He also sustained severe contusions on his shoulders. The employee was hospitalized for approximately two weeks. Because of his injuries, George could no longer work as a rigger. He switched jobs with his father. He took over the work in the office while his father became the corporation's man in the field handling the on-the-spot rigging chores. George was in telephone communication with his father instructing him as to rigging techniques to use when various problems arose. During this entire period, George continued to receive his regular weekly salary of $131.10. The commission, upon its consideration of a petition to review filed by the employer, suspended the payment of compensation benefits to George. We upheld the suspension and held that the evidence sustained the commission's findings that the post-injury money received by George was earnings, not a gratuity. Accordingly, we affirmed the commission's finding that George had regained his earning capacity.

In the first *Peloso* case, this court recognized that it was conceivable for an injured employee to return to work for his employer and receive a weekly payment of money labeled as salary, a portion of which was intended as remuneration for services rendered and the remainder intended as a pure gratuity given to the employee for some altruistic purpose completely unrelated to the work done or the services performed. In such an instance, we said, the total amount received does not accurately mirror the employee's earning capacity. As a consequence of these observations, we held in *Peloso, supra,* that where an employee claims to be the beneficiary of a gift of money which may have been described as a salary he, like any other

donee, has the burden of showing that the money he received was a gift either in whole or in part.

The opinion in *Peloso* was published on January 17, 1968. The instant petition to review was executed on June 28, 1968, and filed with the commission on July 1, 1968. While the petition contains various allegations which might warrant some type of relief, the main thrust of George's petition and the hearing before the trial commissioner is an attempt by the employee to follow the guideposts set forth in our first opinion and show that one-half of the weekly amount he has received from Peloso, Inc. is a gratuity and thereby demonstrates a consequent reduction in his earning capacity.

It was obvious from the hearings held in October 1968 on the instant petition, as it was when hearings were held on the employer's petition to review, that Peloso, Inc. is but a nominal party to the proceedings. The real parties in interest in this litigation are George and The Travelers Insurance Company, the corporation's compensation carrier. There were but two witnesses who appeared before the trial commissioner in support of this petition. They were George and a neurologist. The neurologist said that he had treated George for a contusion of the left brachial plexus and a neck injury. This witness also testified that his patient could not return to the type of work he had been doing before he was injured.

George then testified. He attempted to show that, although the corporate records disclosed he was receiving $150 a week, only $75 of that amount constitutes *earnings*. He stated that the other $75 is given to him solely because of the filial relationship between his father, the corporation's president, and himself. George receives two weekly checks from the corporation. One is for $75. The other check is the net figure which is arrived at after the usual payroll deductions have been made from the $75 figure.

In cross-examination, George testified that he has driven the corporation trucks around the company's premises and parked them in different locations on the property. He also conceded that he still answers the office phone, quotes prices, gives advice on rigging problems, dispatches trucks and occasionally travels to the scene of some of the loading and unloading operations where he supervises and directs the efforts of other employees. George testified that the dual system of checks was inaugurated in late August 1968 —about a month after he had filed his petition to review. The record also shows that he has been receiving $150 a week since January 1966. This represents an increase of $18.90 over the weekly salary George was receiving at the time he was injured.[2] George also told the commission that he was in error when he testified on the first petition to review. He is not a stockholder. His father had never transferred the stock to him. George also corrected the earlier record by saying that his father owns all of the corporation's stock.

The majority of the commission in their decision alluded to the earlier *Peloso* case and observed that it was the employee's burden to show that a portion of the weekly payments he received was a gratuity. They then went on to say that the mere altering of the corporate books was not enough to convert half of George's salary into a gratuity. Further, the full commission has this to say about George's postinjury labors:

> "He is doing more work for the corporation now than he was before. It was our feeling in the earlier case that he was clearly worth his weekly wages and performed services commensurate with what he earned. That is still our opinion. In fact, the evidence shows

---

[2]George's weekly salary at the time he was injured was $131.10. At one point in his testimony in the instant proceeding he stated that each week he was receiving $150.80 from the corporation. The eighty-cent addition seems to be a mistake.

that he is even performing more services for the respondent than he had been doing earlier."

In seeking to overturn the commission's denial of his petition, George claims that the commission cannot ignore the unimpeached and uncontradicted evidence that a portion of his weekly wages was given to him solely because he was the son of the president of the corporation. In taking this position, George seeks to rely on the well-settled rule in this state that a trier of fact must accept completely uncontradicted and unimpeached testimony as probative of the fact it was adduced to prove. However, in *Laganiere* v. *Bonte Spinning Co.*, 103 R. I. 191, 236 A.2d 256, it was pointed out that the trier of fact is not bound to accept a witness's testimony merely because there is no direct testimony contradicting it where it contains inherent improbabilities or contradictions which alone or with other circumstances in evidence affect its weight or credibility.

The state of the record here is such that the commission was not compelled to accept George's testimony that one-half of the $150 paid to him each week was a gift. As we said in *McDonald* v. *John J. Orr & Sons, Inc.*, 94 R. I. 428, 431, 181 A.2d 241, 243, "Where the commission, in an exercise of its fact finding power, determines the probative force of legally competent evidence, its action therein will not be reviewed by this court."

The commission paid little heed to the postpetition bookkeeping adjustments made to the corporation's records. George, by his own admission, was receiving from the corporation almost $19 a week more than what he was at the time he was injured in 1965. While George has continued to perform all the duties he described when his case was before the commission, the record shows that he has, since that time, taken on additional duties. He now moves the corporation trucks and travels to the job sites to supervise the operations. The commission in rejecting George's claim specifically pointed to the absence of any corroborating

testimony by a representative of the corporation that a portion of the money paid to George was a gift. These observations made by the commission are the prerogative of any finder of fact. They represent the commission's determination as to the credibility of the witnesses and the weight of the evidence presented and will not be disturbed by this court as the record is reasonably susceptible to the inferences drawn by the commission. Its findings of fact are conclusive on us. *Wardwell Braiding Machine Co.* v. *Imondi,* 107 R. I. 19, 264 A.2d 317.

Finally, the employee charges the commission with two errors—one is of commission, and the other is of omission. He claims that the commission erred when it failed to find that he was totally incapacitated during the two-week period he was hospitalized in May 1967. He also states that the commission was wrong when it found that the preliminary agreement correctly described his injuries.

Both of these issues involved the appellate practice before the commission. Section 28-35-28 provides that any person who is aggrieved by a decree of a trial commissioner and takes an appeal to the full commission shall file with the commission clerk reasons of appeal "* * * stating specifically all matters determined adversely to him which he desires to appeal * * *." The only issue raised by employee in his reasons of appeal was the date on which he was entitled to receive his partial incapacity benefits. Nowhere in his reasons of appeal did he challenge the trial commissioner's failure to consider either his alleged stay in the hospital or the mistake in the description of his injuries. We have held that where there is a failure to set out a claim of error in the reasons of appeal to the full commission, the appellant is precluded from raising the question in the Supreme Court. *United Wire & Supply Corp.* v. *Frenier,* 87 R. I. 31, 137 A.2d 414. Accordingly, we will not review the question of George's alleged total incapacity.

The issue of the misdescription of George's injuries is another matter. As noted it was not listed in the reasons of appeal from the decree of the single commissioner to the full commission. The commission, sua sponte, found that the preliminary agreement correctly set forth George's injuries.

This court in *Cairo* v. *Sayles Finishing Plants, Inc.,* 83 R. I. 297, 116 A.2d 188, reviewed the jurisdiction of the full commission when it considers an appeal from a decree of a single commissioner. There we said the commission shall decide any question of law raised by the appeal, and if an appellant claims that the decree is against the evidence and the weight thereof, the commission shall weigh the evidence and decide for itself whether it preponderates in favor of or against the trial commissioner's decree. The only question of law before the commission at the time it considered the appeals of George and the insurer was whether employee had proved his claim of a gift and, if he did, at what date he was entitled to receive the weekly partial compensation benefits. The issue of the accuracy of the description of employee's injuries was not before the commission.

In *Blanchette* v. *R. I. Pastry Co.,* 87 R. I. 329, 140 A.2d 703, the trial commissioner awarded the employee compensation for total incapacity for a certain period and thereafter for partial incapacity. The employer took an appeal to the full commission. The employer challenged the trial commissioner's finding of a work-related injury. The commission affirmed the finding as to the sustaining of a compensable injury, and also held that the commissioner should not have reduced the compensation to partial. We ruled that in the absence of any appeal by the employee, the full commission could not consider the correctness of the award of partial incapacity payments. We have a comparable situation in the case at bar.

From the record before us it is clear that employee for reasons not apparent in the record never appealed the trial commissioner's failure to consider the accuracy of the description of his injuries. In the memorandum of law he submitted to the full commission, employee claims that this issue was withdrawn from the trial commissioner's consideration. The full commission's finding relative to the injury description in the preliminary agreement is superfluous and may be disregarded. It should be eliminated from the decree.

Therefore, acting under the authority of §28-35-30, wherein it provides that this court may modify a decree of the full commission to the extent that such a decree constitutes an excess of its jurisdiction, we hold that the instant decree should be modified by deleting the finding relative to the preliminary agreement's accuracy of its description of employee's injuries.

The employee's appeal is denied and dismissed, the decree appealed from is affirmed as herein modified, and the case is remitted to the Workmen's Compensation Commission for further proceedings in accordance with this opinion.

*Gunning & LaFazia, Raymond A. LaFazia, V. James Santaniello,* for petitioner.

*Keenan, Rice, Dolan & Reardon, H. Eliot Rice,* for respondent.