**Mario MAZZEI**

v.

**ALLENDALE MUTUAL INSURANCE COMPANY.**

**No. 84–107–Appeal.**

Supreme Court of Rhode Island.

March 6, 1986.

Raul L. Lovett, Lovett Scheffrin & Gallogly, Ltd., Providence, for petitioner.

Howard L. Feldman, Chishold & Feldman, Providence, for respondent.

## OPINION

SHEA, Justice.

This matter is before the court on appeal from a decision of the Workers' Compensation Commission (commission) denying benefits to the employee, Mario Mazzei (Mazzei). The appellate commission ruled that although Mazzei continued to suffer physical limitation, he was not partially disabled within the meaning of the Workers' Compensation Act (the act) G.L. 1956 (1979 Reenactment) chapter 29 of title 28. We affirm.

On March 16, 1982, Mazzei filed an original petition for workers' compensation benefits. Mazzei, a driver for respondent Allendale Mutual Insurance Company, alleged that on December 7, 1981, he slipped on some ice at a loading dock and injured his back, neck, and wrist.

The parties stipulated that Mazzei suffered the injuries in the course of his employment; that the injuries rendered him totally incapacitated from December 8, 1981, to March 30, 1982, for which he was entitled to benefits for total disability; and that he had returned to work on March 31, 1982, performing light work and earning

wages equal to or greater than his former wages. The issue presented to the commission and to this court is whether under the act, Mazzei's remaining partial physical disability entitles him to partial-incapacity benefits, despite the fact that he is earning wages equal to or greater than his former wages. The trial commissioner answered in the affirmative.

Doctor Stanley Stutz, an orthopedic surgeon, was appointed as an impartial examiner. His written report, which was received into evidence, stated that Mazzei's inability to lift loads heavier than fifteen pounds had been caused by the work-related accident.

The trial commissioner found that Mazzei's work-related injury rendered him totally disabled from December 7, 1981, to March 30, 1982, and has left him partially disabled since March 31, 1982. He first ordered compensation for the period of total incapacity, and then ordered partial-incapacity benefits to date from March 31, 1982. Mazzei was directed to provide evidence of his earnings to respondent so that he would not receive any partial-incapacity benefits unless his earnings fell below what his average weekly wage had been at the time of his injury.

The appellate commission reversed and found employee no longer disabled under the provisions of the act. It acknowledged that although Mazzei remains physically disabled as a result of the injury he sustained on December 7, 1981, he is able to perform work and earn wages equal to or in excess of the wages he earned at the time of his injury. The appellate commission's finding is fully supported by Mazzei's own admission that he has regained his former earning capacity.

Mazzei argues that a finding of partial incapacity in this circumstance would "memorialize the fact that an employee is disabled but not entitled to compensation" unless his wages actually decrease. This would eliminate delay and unnecessary litigation before the already over-burdened commission and prevent the burden of proof from shifting to employee in a subsequent proceeding.

The commission adequately memorialized the fact that Mazzei is disabled but not entitled to compensation when it stated in its final decree that "petitioner continues to remain physically disabled as a result of the injury * * * sustained on December 7, 1981 and continues to so remain physically disabled although able to perform work."

The Workers' Compensation Act was enacted to assist injured employees who have suffered a loss of earning capacity. *Geigy Chemical Corp. v. Zuckerman,* 106 R.I. 534, 261 A.2d 844, (1970). Mazzei is not entitled to compensation because where "there has not been a diminution of earning capacity, a worker may not receive [workers'] compensation benefits even though he has sustained a permanent and lingering injury." *Id.* at 540, 261 A.2d at 848; *see also State v. Hurley,* 490 A.2d 979 (R.I. 1985); *Whittaker v. Health-Tex, Inc.,* 440 A.2d 122 (R.I.1982); *Peloso, Inc. v. Peloso,* 103 R.I. 294, 237 A.2d 320 (1968). We find the other arguments raised by the employee to be without merit.

For these reasons, the employee's appeal is denied, the decree appealed from is affirmed, and the papers of this case are remanded to the Workers' Compensation Commission.