210 A.2d 864.

MASUREL MILLS, INC. *vs.* FLORENCE DUBOIS.

JUNE 17, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

POWERS, J. This is an employer's petition to review a final decree of the workmen's compensation commission on the ground that the respondent's incapacity had diminished. From the decree of a single commissioner reducing weekly compensation payments from total to maximum partial incapacity, the respondent appealed to the full commission. The cause is before us on the respondent's appeal from a final decree of the full commission affirming the decree of the single commissioner.

It appears from the record that on January 18, 1963 respondent sustained a compensable injury to her left eye and in accordance with the terms of a preliminary agreement was paid $40 weekly for total incapacity. Thereafter petitioner filed a petition to review respondent's earning capacity. From the decree of a single commissioner petitioner appealed to the full commission which found that respondent's compensable incapacity was partial, but that she had made a bona fide effort to obtain suitable employment, was unable to do so, and could not perform the work of a "winder" which was the only work that petitioner could offer. On these findings the full commission entered its decree April 16, 1964 providing in pertinent part as follows:

"1. The petitioner continue to pay to the respondent weekly compensation in the sum of $40.00 per week for

total incapacity for work until this order is modified or terminated in accordance with the workmen's compensation act.

"2. The respondent continue to make a bona fide attempt to obtain suitable work which the respondent is able to perform."

The commission predicated its order of compensation payments for total incapacity on the authority of the second proviso of G. L. 1956, §28-33-18, which is as follows:

"* * * provided, further, however, that where a partially incapacitated employee has made a bona fide attempt without success to obtain suitable work he is able to perform and the employer is unable to offer the employee suitable work he is able to perform or is unable to present evidence that such suitable work is available elsewhere, then said employee shall receive as weekly compensation the amount payable for total incapacity."

On September 10, 1964, petitioner filed the instant petition to review respondent's capacity for work and her alleged failure to comply with the order contained in the final decree entered April 16, 1964. At a pre-trial conference the parties agreed that although it was the employer's petition, respondent would be permitted to testify at the opening of the hearing. Proceeding in accordance with this arrangement she testified that she was examined in July 1963 by her personal physician for a suspected malignancy which was not related to the injury for which she was receiving compensation benefits. Certain tests were made, and proving positive respondent entered the hospital on October 6, 1963 for major surgery which was performed on October 12, 1963, resulting in hospitalization for a period of forty-five days.

The respondent testified that she was still under her doctor's care and had made no effort to obtain employment since October 4, 1963 because she was unable to do so requiring two hours' rest each day.

The petitioner offered no evidence, resting its case on respondent's admissions. From a decree of the single com-

missioner who found that she was still partially incapacitated from the injury sustained in her employment, but further found that she had not continued to make a bona fide effort to obtain work that she could perform, being unable to do so by reason of the intervening incapacity resulting from cancer, respondent appealed to the full commission. This decree reduced the weekly compensation payments from $40 for total incapacity to $22, the maximum payment for partial incapacity.

In its decision the full commission sustained the findings made by the single commissioner that respondent, because of disability not connected with her employment, had not made a bona fide effort to obtain work that she could perform. It further found that by reason of said unrelated disability respondent was unable to perform any work.

In her reasons of appeal respondent assigns a total of nine assertions of error but her arguments in support thereof are premised on two issues. It is in this posture that we will consider her appeal.

The first issue raised is whether an employee partially incapacitated by reason of a compensable injury, but who because of an intervening unrelated disability is unable to make a bona fide effort to find suitable employment, may collect weekly compensation for total incapacity in accordance with the second proviso of §28-33-18.

She argues that this question should be resolved in favor of the employee, citing *Imperial Knife Co.* v. *Gonsalves*, 86 R. I. 68, where at page 73 this court stated: "From the language of the amendment we are of the opinion that the legislature intended, in a realistic and practical fashion, to benefit a certain class of injured employees by treating them as totally incapacitated under certain conditions expressly stated * * *."

From this judicial interpretation of public policy as declared by the legislature respondent urges that we should now extend our interpretation by holding that the legisla-

ture did not intend to require any effort to obtain suitable employment if, by reason of unrelated disability, a compensably partially incapacitated employee is unable to make such an effort. This we are unable to do. By the clear language of the proviso there is placed on the employee and her employer respective mandatory obligations which are designed to hasten an injured employee's return to gainful employment. See *Beaudry* v. *United States Rubber Co.*, 88 R. I. 162.

Notwithstanding this, respondent argues that "bona fide" as defined in Black's Law Dictionary (3d ed.) p. 233 lends support to the proposition that the legislature intended to excuse a partially incapacitated employee handicapped in such a manner as is disclosed by the instant circumstances. Physical disability, she contends, even though not related to the injury, excuses her from making any effort since there can be no question of good faith. This contention, however, misconceives the import of the legislative use of the words "bona fide." By their use the legislature expressed an intention to require an employee suffering from partial incapacity resulting from a compensable injury, and whose employer is unable to offer suitable employment or indicate where such employment might be obtained, to make a conscientious effort to obtain work that he can perform, if such a partially incapacitated employee is to qualify for the weekly compensation to which he would be entitled if totally incapacitated. A contrary interpretation of the legislative language would be tantamount to a holding that an employer is obligated to provide health insurance for a partially incapacitated employee unable to perform any work because of an intervening unrelated disability, an obligation we have repeatedly held not to exist. *Hemphill Co.* v. *Provencher*, 74 R. I. 173; *Corry* v. *Commissioned Officers' Mess (Open)*, 78 R. I. 264.

Nevertheless respondent contends that in a hearing on a petition to review, the burden of proof is on the petition-

ing party, citing *Darlington Fabrics Corp.* v. *Bury,* 95 R. I. 62, 182 A.2d 437. It is this contention which posits the second issue raised by her reasons of appeal.

We are in accord with the basic holdings in the cited cases on which she relies, namely, that the burden of proving his case is on the one petitioning for review. *Moss Construction Co.* v. *Boiani,* 84 R. I. 486. However, in the instant cause there are two added factors of controlling significance. These are (1) that as a result of an intervening disability not related to her injury respondent is unable either to seek work of any kind or to perform it if offered, and (2) the posture in which the instant cause was heard by the single commissioner.

This is a petition to review on the ground that respondent's incapacity has diminished and, even if such is not the case, she is no longer entitled to the benefits of the second proviso. On the first-stated ground petitioner offered no evidence tending to prove that the compensable partial incapacity had ceased and quite properly did not prevail in this regard. With respect to the reduction of weekly payments for total incapacity to weekly payments for maximum partial incapacity, however, the commission was reviewing a record from which it appeared, by reason of the manner in which the hearing was conducted at the request of the parties, that respondent was unable to accept light work from whatever source it might be offered. In such circumstances it would serve no useful purpose to hold that petitioner was required to offer evidence, since respondent was not prejudiced thereby. From the failure of a petitioning employer to furnish evidence as to the availability of light work, either in its employ or elsewhere, the trier of fact can infer only that the employer can neither furnish suitable employment nor indicate where it might be found, thus raising the question of the employee's bona fide attempt to obtain such work. This was the situation in the instant cause, but even if petitioner had furnished

evidence of available light work, respondent was not able to accept it. The circumstances are somewhat analogous to an action for trover where ordinarily the action must be preceded by a demand for the goods in question. A demand is unnecessary, however, if the possessor has previously declared his intention not to relinquish the property. *Claflin* v. *Gurney*, 17 R. I. 185.

We hold therefore that on the state of the record in the instant cause the decision of the full commission was not erroneous.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Higgins, Cavanagh & Cooney, Joseph V. Cavanagh, Harold E. Adams, Jr.,* for petitioner.

*Abedon, Michaelson and Stanzler, Julius C. Michaelson, Richard A. Skolnik,* for respondent.