247 A.2d 906.

EDWARD ARGENTIERI *d.b.a.* ARGENTIERI CONSTRUCTION CO. *vs.* LOUIS GERARD MAINELLI.

NOVEMBER 19, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This is an employer's petition for review of a decree of the workmen's compensation commission awarding the respondent employee compensation for partial incapacity and was brought on the ground that the employee's incapacity for work had ended. On January 18, 1968, the full commission entered a decree in which it found that the petitioner had failed to prove by a fair preponderance of the evidence that the employee's incapacity had ended and ordered payment to him of partial compensation pursuant to G. L. 1956, §28-33-18, but not "* * * to exceed sixty percent of the difference between $128.00 per week and $100.00 per week." From that decree the respondent has prosecuted an appeal to this court.

It appears from the record that respondent employee on June 24, 1965, while on vacation from college and in the employ of petitioner, sustained a low back injury. At that time a preliminary agreement was entered into for the payment of total disability benefits to respondent. However, in September respondent returned to college, and the above agreement was suspended at that time. During the fall and winter of 1965 respondent, still troubled by his back, continued to consult his physician. On December 1, 1965, a supplementary agreement between petitioner and respondent for partial compensation was entered into. After some intervening litigation the instant petition was brought by the employer, alleging that the employee's incapacity for work had ended. In the course of the hearing on this petition, the amount of the earning capacity of respondent was brought into question.

The record discloses that respondent is now employed as a schoolteacher at an annual salary of $5,200. It is not disputed that respondent is actually employed in the discharge of his teaching duties for a period of 40 weeks or that the annual salary is paid to him in 20 biweekly installments instead of in 26 biweekly installments, at his election, and that the school department considers this as being payment for services rendered over the period of 40 weeks and that his weekly salary would amount to $130 per week.

The trial commissioner found that the weekly earnings of respondent from his school department employment were $130 a week and that, this being higher than his average weekly wage earned at the time of his injury, petitioner would not be required to pay any compensation for partial incapacity from September through June. Thereafter the trial commissioner entered a decree finding that the incapacity of respondent had not ended, and he ordered payments to respondent for partial incapacity in accordance with §28-33-18 but not to exceed $22 per week. The

trial commissioner held, however, that during July and August petitioner would be required to pay for partial incapacity a sum equal to 60 per cent of the difference between what respondent earned per week and the $128 reflecting his average weekly wage at the time of his injury. From this decree of the trial commissioner, the petitioning employer appealed to the full commission.

Decision was rendered by the full commission on the appeal on January 10, 1968. The full commission found, contrary to the findings of the trial commissioner, that the weekly wage of respondent was $100 a week on the basis of a 52-week year. This reflected the commission's view that respondent was employed on an annual basis and that, regardless of how he elected to receive his compensation, under the statute he was earning a weekly wage of $100.

The question confronting us then is whether the full commission erred in construing the pertinent provision of §28-33-18 as it did. It is clear that its decision was based on its conclusion that because respondent was receiving an annual salary from the Providence school department, the statutory provision that he be paid the difference between his average weekly wage prior to injury and the weekly wage earned after the injury should be based upon a full year and averaged out to $100 a week. Section 28-33-18 provides, in pertinent part: "While the incapacity for work resulting from the injury is partial the employer shall pay the injured employee a weekly compensation equal to sixty per cent (60%) of the difference between his average weekly wages, earnings, or salary, before the injury and the weekly wages, earnings or salary which he earns thereafter, but not more than twenty-two dollars ($22.00) a week * * *."

In our opinion, the commission did not err in holding that the statutory language "* * * weekly wages, earnings or salary which he earns thereafter * * *" contemplates

the actual weekly wage earned or the portion of the earnings or salary which accrues to the partially injured employee each week. The legislature clearly intended that the amount of compensation to be paid a partially incapacitated employee would be the difference between the "average weekly wages" earned prior to the injury and the actual wages earned weekly thereafter, whether it is received as weekly wages, as earnings on some other time basis, or as the result of an annual contract. This is to be established by determining what the post-injury weekly remuneration was. The statute then, in our opinion, requires a determination of the wages, earnings, or salary on a weekly basis. This may be determined as such portion of a salary as is paid under an annual contract of employment accruing to the employee weekly. What constitutes the post-injury weekly wages or earnings is obviously a question of fact. In this case the commission concluded that a salary of $5,200 was earned on an annual basis and that, while the employee had elected to be paid this salary on the basis of 20 biweekly installments instead of 26 biweekly installments, the portion of the salary that accrued to him each week under the contract was $100.

It is well settled that we do not go behind the findings of fact of the compensation commission absent a showing of fraud. *Peloso, Inc.* v. *Peloso,* 103 R. I. 294, 237 A.2d 320. It is sufficient that there be legally competent evidence in the record upon which the decision of the commission may rest. *Corey* v. *Hassenfeld Bros., Inc.,* 100 R. I. 483, 217 A.2d 82. When the record discloses such supporting evidence, we have no alternative but to affirm the commission's decree, and this is without regard to the fact that the record may also contain other evidence that is contrary to that relied upon by the commission. In the instant case the record contains evidence that the respondent was employed by the school department on an annual con-

tract basis; that he was paid an annual salary of $5,200; and that he had elected to take that salary on a biweekly payment basis over a 10-month period rather than over a 12-month period. It is our opinion that evidence of the annual salary reflecting annual employment is sufficient evidence to support the findings of the commission.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Gunning & LaFazia, John F. McDonough,* for petitioner-appellee.

*Stephen G. Linder, Milton Bernstein,* for respondent-appellant.