251 A.2d 533.

JOHN A. HOARD *vs.* WEST CHEMICAL COMPANY.

MARCH 25. 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This is an employee's original petition for benefits under the workmen's compensation act. The cause is before us on his appeal from a decree of the full commission affirming the decree of the trial commissioner which denied and dismissed his petition.

The employee completed the petition in his own handwriting and filed it with the commission. He alleges therein that on June 5, 1967, while performing the duties of his employment with respondent, he "took sick and [had] dizzy spells while handling chemicals and acid."

At the hearings before the trial commissioner the employee was represented by counsel. He testified that he was employed by respondent to clean rest rooms; that in the performance of his duties he used chemicals furnished by respondent to clean sinks, toilet bowls, urinals, etc.; that on June 5, 1967, while using a chemical in the performance of his work, he became nauseated and vomited; that he left the premises where he was working, went home and went to bed; and that he vomited more after he got home and became very ill. During the course of his examination, both direct and cross, further testimony was elicited from the employee concerning his physical condition and treat-

ment at various hospitals both before and after June 5, 1967.

It will serve no useful purpose to discuss the evidence in any detail. It is sufficient to point out that his testimony was inconsistent on certain material points and that the medical reports are in conflict. The report furnished by his physician states in substance that the employee's condition was a result of his work with chemicals, while the report furnished by the doctor who examined him for respondent's insurance carrier states in substance that the employee's problems could not be attributed to the chemicals which he used.

In his decision the trial commissioner discussed the evidence in some detail. He referred to the inconsistencies in the employee's testimony and to several other petitions brought by the employee for injuries sustained while working for other employers during the period between 1958 and 1967. He stated he was reciting the foregoing facts to show how he arrived at the conclusion that the employee was not "worthy of belief." He also called attention to the medical report of the doctor who examined the employee at the request of the respondent's carrier. He found as a fact that the employee had failed to prove by a fair preponderance of the credible evidence that the employee had suffered any kind of injury or disability, which arose out of or was sustained in the course of his employment with respondent, or was connected therewith or was referable thereto. Accordingly, a decree was entered incorporating his findings and denying and dismissing the petition.

After hearing and considering the employee's appeal, the full commission affirmed the decree of the trial commissioner. From the decree of the full commission, the employee has, by himself and without the aid of counsel, requested this court to review the proceedings before the commission. The respondent has questioned the validity

of this appeal. Although there may be merit to respondent's challenge, in the peculiar circumstances of this case we shall treat this proceeding on the assumption that it is properly before us.

Under the law this court is bound by findings of fact made by the workmen's compensation commission, if the findings are supported by competent evidence and there is no fraud. In passing on an appeal from a final decree of the full commission, we examine the record to determine whether the findings of fact set forth therein are supported by any competent evidence. *Perron* v. *ITT Wire and Cable Div.*, 103 R. I. 336, 237 A.2d 555.

We have examined the entire record and considered all of employee's arguments. There is no fraud. The medical evidence is in conflict. The commission rejected the medical report of the employee's doctor and accepted that of respondent's carrier's doctor. Additionally the full commission agreed with the trial commissioner's conclusion on the question of the employee's credibility. On this record this court is without power to disturb the decree of the full commission. We cannot weigh the evidence or pass on the question of credibility. Since there is evidence in the record to support the commission's finding, there being no evidence of fraud, we must affirm the decree of the full commission regardless of the fact that there is other evidence in the record contrary to that relied upon by the commission. *Peloso, Inc.* v. *Peloso*, 103 R. I. 294, 237 A.2d 320; *Argentieri* v. *Mainelli*, 104 R. I. 612, 247 A.2d 906.

The employee's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*John A. Hoard*, petitioner, pro se.

*Vincent J. Chisholm*, for respondent.