270 A.2d 87.

CARR FULFLEX, INCORPORATED *vs.* ANTONE BORGES.

OCTOBER 29, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J.  This is an employee's appeal from a decree of the Workmen's Compensation Commission which on the employer's petition to review had found that the employee had partially regained his earning capacity and so ordered a reduction in the weekly benefit paid the employee.

The employee had been receiving total disability payments of $45 a week as a result of a work-related injury he sustained on February 13, 1967.  In January 1968, he and his wife purchased a one family home in Bristol.  The first floor of these premises contained a small grocery store.  The employee testified that he started to operate the store but that one month after the employer filed the instant petition, his spouse took over the store's operations.  The record shows that the wife works the 3 p.m. to 11 p.m. shift at employer's plant.  The store is usually open from 8 a.m. to 9 p.m.

Introduced into evidence was a copy of the 1968 federal income tax return of employee and his wife.  Form 1040, Schedule C-3 of the return shows that employee reported "self-employment income" in the amount of $658 and paid a self-employment tax thereon of $42.11.  An adjuster for employer's insurance carrier testified that he visited the store on two separate occasions.  On the first visit in January 1969, he saw the employee come into the store.  His clothing was "soiled" and his hands were "dirty."  The second visit occurred on May 1, 1969—the day prior to the hearing.  The witness observed the employee alone in the store.  It was in the mid-afternoon. The employee told the adjuster that he was the only one in the store at that time.

The employee is now retired and receives a monthly pension of $65 from his employer.  He steadfastly maintains that he does not operate the grocery business. Borges

testified that apart from being able to sign his name, he is illiterate. Consequently, he denied any knowledge about the information contained in the tax return.

This court does not and cannot weigh the evidence in a workmen's compensation case. The Legislature has vested the fact-finding power in the Workmen's Compensation Commission. All we can do is to examine the record, and decide if there is any evidence on which the commission's decree could reasonably be based. If there is such evidence, the commission's findings, absent fraud, shall not be disturbed. *Dziekiewicz* v. *George Arpin & Sons, Inc.,* 105 R. I. 549, 254 A.2d 76.

Here, the report of the self-employment tax together with the observation of employee by the adjuster give rise to the inference reached by the commission, namely, that employee was working at the store and earning money for the efforts he expended. While employee insists that the business is his wife's, the commission was free to look at the post-petition transfer of the business to Mrs. Borges and hold otherwise. The tax return gave mute evidence of some restoration of employee's earning capacity and it is entitled to such weight as the commission may assign to it. *Peloso, Inc.* v. *Peloso,* 103 R. I. 294, 237 A.2d 320.

In his effort to buttress his position, employee refers us to *Dorfman* v. *Rosenthal Ackerman Millinery Co.,* 64 R. I. 498, 13 A.2d 268 and argues that the holding there precludes any finding relative to his partial incapacity. The *Dorfman* case is factually distinguishable from the case at bar. Dorfman was injured while in the employ of the millinery company. At that time his salary was $50 a week. Sometime later he started a millinery business of his own and then sued his former employer for partial disability benefits. Dorfman in testifying in support of his petition said that he and his wife drew $25 a week from the new business. This court affirmed the trial justice's

finding that Dorfman had failed to establish the extent to which his earning capacity had been impaired. It was impossible to tell, we said, what portion of the $25 represented the employee's compensation for the services he rendered. Furthermore, it could not be determined if the weekly withdrawals were profits or payment in the nature of wages or salary. The evidence is clear, however, that Borges treated the $658 as income earned in employment at the store. This difference warrants the finding[1] made herein by the commission.

The employee's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the Workmen's Compensation Commission.

*Vincent J. Chisholm,* for petitioner-appellee.

*Raul L. Lovett,* for respondent-appellant.

---

[1]The commission established Borges' earning capacity at $12.65 by dividing his self-employment income of $658 by 52—the number of weeks in a year.