289 A.2d 425.

GENERAL ROAD TRUCKING CORPORATION *vs.*
BERNARDINO PINA.

APRIL 6, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. The single issue raised in this employee's appeal from a decree of the Workmen's Compensation Commission is whether the full commission erred when it affirmed the trial commissioner's denial of the employee's request for a counsel fee and the cost of a transcript.

The employee worked as a truck driver. On May 5, 1969, he injured his back when he fell off the vehicle. Subsequently, the parties executed a preliminary agreement that called for the payment of weekly benefits of $45 for the duration of the employee's total incapacity. Still later, on November 27, 1970, the employer filed a petition to review in which it alleged that its employee was able to return to light selected work. When this matter was heard before a trial commissioner on December 23, 1970, a consent decree was entered finding that the employee's incapacity had been reduced from total to partial. The decree ordered the employee to make a bona fide effort to obtain suitable work and directed the employer to continue the total incapacity payments during the interval when the employee was seeking work. The employee returned to the commission on February 5, 1971, and again on March 5, 1971, and testified about his fruitless efforts to find work. Thereafter, a second decree was entered in which the trial commissioner, after finding that the employee had made a genuine but unsuccessful attempt to obtain suitable employment, ordered the employer to continue the weekly $45 payment. The trial commissioner, however, declined to award any

counsel fee or costs. His determination was approved by the full commission.

The employee's uninterrupted receipt of a weekly payment of $45 is the result of the second proviso of G. L. 1956 (1968 Reenactment) §28-33-18,[1] which permits a partially incapacitated employee who has made a bona fide but unsuccessful effort to obtain suitable work to receive weekly compensation in the amount that is paid for total incapacity.

Costs, including fees for counsel and expert witnesses, are authorized by §28-35-32. The statute limits such payments to the employees who either "successfully prosecute" a petition for various benefits payable under the Workmen's Compensation Act or "successfully defend, in whole or in part," any petition for review filed by his employer. The commission's denial of the employee's request for a counsel fee was based on its notion that the sole successful litigant in the instant proceeding was the employer because it had sustained an allegation that its employee's incapacity had been reduced from total to partial. We do not agree.

The clear purpose of an employer filing a petition to review is an attempt on his part to diminish or completely eliminate the weekly benefits being paid the employee. The second proviso obligates a partially incapacitated worker to seek gainful employment so that if he finds suitable

---

[1] Section 28-33-18 sets up a formula for determining the weekly benefits due an employee whose post-injury earnings do not equal the earnings he was receiving when he was injured. The second proviso reads as follows: "* * * provided, further, however, that where a partially incapacitated employee has made a bona fide attempt without success to obtain suitable work he is able to perform and the employer is unable to offer the employee suitable work he is able to perform or is unable to present evidence that such suitable work is available elsewhere, then said employee shall receive as weekly compensation the amount payable for total incapacity." It should be noted that the General Assembly has, by its enactment of P. L. 1969, ch. 146, deleted this provision. Since the employee's injury preceded the amendment, the second proviso controls here.

work, the extent of the loss of his earning capacity might be measured.[2] The partially incapacitated employee can forestall any reduction in the benefits presently being paid to him if he convinces the commission that he has scouted the job market and cannot secure a position that is within his capabilities. If he satisfies the commission as to the sincerity of his unsuccessful efforts, the employer is obliged to continue the payments. This effort by a partially incapacitated employee is, we believe, in the nature of an affirmative defense to his employer's attempt to reduce the amount of the weekly benefits.

The second proviso is not a one-way street. It provides for a mutuality of obligation which applies as equally to the employer as it does to the employee. This section contains a second stipulation which becomes quite significant once the employee has demonstrated his diligent but fruitless attempt to become a member of the working force. Within recent months,[3] we have said that in such circumstances, an employer who desires to escape the continuing responsibility of paying benefits for total incapacity, must do his part in seeking to establish the dollar value of the employee's partial incapacity by either providing the employee with a job that is within his capabilities or assisting him in obtaining employment elsewhere. Here, the employee stresses, and it is conceded by the employer, that it has not offered Pina such work nor is it aware of where such an occupation can be found.

Since the defensive efforts made by the employee were unquestionably successful, the expense of a reasonable fee due his counsel and the cost of the transcript must be borne by the employer.

[2]*Masurel Mills, Inc.* v. *Dubois,* 100 R. I. 48, 210 A.2d 864 (1965); *Brown & Sharpe Mfg. Co.* v. *Campo,* 83 R. I. 86, 113 A.2d 377 (1955); *Walsh-Kaiser Co.* v. *D'Ambra,* 73 R. I. 37, 53 A.2d 479 (1947).

[3]*Davol Rubber Co.* v. *Lafoe,* 108 R. I. 499, 277 A.2d 128 (1971).

The employee's appeal is sustained and the decree appealed from is reversed. The employee, by having prevailed in this appeal, is entitled to a counsel fee for his services in this court. He shall, pursuant to the rule in *O'Neil* v. *M & F Worsted Mills, Inc.*, 100 R. I. 647, 218 A.2d 666 (1966), present a motion for such fee together with the requisite certificate of counsel showing the services rendered in preparing and prosecuting the appeal to this court. Thereafter, the cause will then be remanded to the Workmen's Compensation Commission for the awarding of fee for services rendered by counsel before the trial commissioner and the full commission and the payment of the cost of the transcript.

*Higgins, Cavanagh & Cooney, Harold E. Adams, Jr.*, in behalf of petitioner-appellee.

*Abedon, Michaelson, Stanzler & Biener, Richard A. Skolnik*, in behalf of respondent-appellant.