337 A.2d 528.

LILLIAN L. RICKEY *vs.* RHODE ISLAND HOSPITAL TRUST NATIONAL BANK.

MAY 23, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

ROBERTS, C. J. This is an employee's original petition for compensation for loss of earning capacity alleged to have arisen out of injuries sustained by her while in the employ of the Rhode Island Hospital Trust National Bank. While the employee was injured on January 22, 1971, she did not file this petition until January 19, 1973, some 2 years thereafter. It is not disputed that the employer had paid the employee her full weekly salary for a period of 8 months while she was unable to return to

work. The trial commissioner concluded that the employer had paid the employee's salary during this period, intending that it constitute an advance on the compensation payments that would become due and not as a gratuity. For that reason he refused to order the payment of compensation for the loss of earning capacity during that period. The full commission on appeal affirmed the decree of the trial commissioner. From that decree the petitioner is now prosecuting an appeal in this court.

The question raised here is whether the full commission erred in affirming the trial commissioner's ruling that the employer was entitled to a credit against its obligation to pay petitioner compensation equal to the amount of salary disbursed while petitioner was out of work. The petitioner contends that G. L. 1956 (1968 Reenactment) §28-35-9 prohibits her employer's receiving the benefit of such a credit. That statute provides, in pertinent part, that where "* * * an employer * * * makes *payment of compensation* to an employee without executing a memorandum of agreement * * * such employer * * * shall not be entitled to any credit for such payment if the employee is awarded compensation * * *" (emphasis added) in accordance with the provisions of the Workmen's Compensation Act.

The validity of petitioner's argument depends upon whether the weekly payments of salary by the employer constituted "payment of compensation" in the absence of a written memorandum of agreement as provided in §28-35-9. If it is determined that the employer continued the disabled petitioner on the payroll with the intent of compensating petitioner for her loss of earning capacity, then the wage payments must be regarded as "compensation" for purposes of §28-35-9. *See Andreozzi* v. *D'Antuono,* 113 R. I. 155, 319 A.2d 16 (1974). However, in such event, the employer can receive a credit for these pay-

ments only if a written memorandum of agreement was executed.

The trial commissioner determined that the payment of wages was intended as an advance of compensation benefits. This finding was affirmed by the full commission. It is contended that such finding constituted error. This court shall not disturb such a factual determination unless the evidence on the record is not susceptible of a reasonable inference that the wage payments constituted an advance of compensation. *Dziekiewicz* v. *George Arpin & Sons, Inc.*, 105 R. I. 549, 254 A.2d 76 (1969).

The respondent introduced testimony of the employer's personnel director to the effect that it was a well-established company policy to continue to pay injured employees full salary with the intention that the employer would be partially reimbursed by the compensation benefits to be received by the employee. The petitioner objected to the introduction of such testimony and argues to this court that its admission over her objection was error. Assuming, without deciding, that petitioner's argument is correct, we still find sufficient evidence on the record to support a reasonable inference that the wage payments were an advance. The petitioner testified that she had been notified by an employee of respondent that she would be expected to reimburse the employer for wages paid to the extent of the compensation benefits awarded to her. This employee, an agent of the employer, clearly indicated the intention of the employer in continuing wage disbursements: the wage payments were made in anticipation of reimbursement to the extent of the compensation award.

This evidence is legally sufficient to support an inference that the wage disbursements were an advance. Thus, this court holds that the commission did not err in finding that the continuation of wage payments by the employer

constituted an advance of compensation benefits. In such circumstances, this court is constrained to view the nature of such payments as determined by the finders of fact.

We are unable to find any significant legal distinction between respondent's advances of compensation and the "payment of compensation" as that term is used in §28-35-9. That statute was designed to prevent employers and insurance carriers from making compensation payments only until the expiration of the statute of limitations and thereby lulling the employee into inaction with respect to filing his claim for compensation until it was too late. In the event that the employer decided to terminate the payments, the employee would have to resort to enforcing an unexecuted agreement to obtain compensation. The resulting imposition on the employee of the burden of having to prove such an agreement in order to obtain relief seemed both unfair and contrary to the policies underlying the statutory scheme providing for workmen's compensation. *Cf. Crisostomi* v. *Zayre of Providence, Inc.*, 109 R. I. 251, 283 A.2d 678 (1971).

Permitting an employer to obtain a credit for advances of compensation in the absence of a written agreement could lead to the very abuses which §28-35-9 was intended to prevent. Therefore, this court holds that such advances constitute "payment of compensation" for which an employer will receive no credit where no written memorandum of agreement has been executed. It is not disputed that the parties failed to execute the required memorandum of agreement. Consequently, we find that the Workmen's Compensation Commission erred in affirming the decree of the trial commissioner crediting the respondent for compensation benefits advanced to the petitioner in the absence of a written memorandum of agreement.

The petitioner's appeal is sustained, the decree appealed from is affirmed insofar as it found that the wage pay-

ments in question constituted advances of compensation benefits and is reversed insofar as it credited the respondent for such advances, and the cause is remanded to the Workmen's Compensation Commission for further proceedings consistent with this opinion.

*Gunning, LaFazia, Gnys & Selya, Edward L. Gnys, Jr.,* for petitioner.

*Worrell and Hodge, Eldridge H. Henning, Jr.,* for respondent.