382 A.2d 1313.

JOHN NATALE *vs.* FRITO-LAY, INC.

FEBRUARY 28, 1978.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

DORIS, J.    This is an employee's appeal from a decree of the full Workmen's Compensation Commission which awarded compensation for total incapacity arising from a back injury but denied compensation for incapacity resulting from a heart condition.

The petitioner, John Natale, was employed by respondent, Frito-Lay, Inc. as its district manager. The petitioner's general duties included supervising and training new men, erecting metal shelving in supermarkets, making deliveries and maintaining records. On May 24, 1973, petitioner was ordered by his regional manager to clean a warehouse leased by respondent, which cleaning required some heavy lifting. While moving several metal pallets weighing between 40 and 50 pounds, petitioner experienced pain in his chest and upper back. The petitioner continued to work the

rest of the day, although the pain in his chest reoccurred while he was driving home. He returned to work the next day despite feeling ill and short of breath.

On the following Monday, May 28, 1973, petitioner was taken to a local hospital. He was not admitted but remained out of work for approximately three weeks thereafter. During this time, petitioner was paid his regular weekly salary. On July 31, 1973, petitioner entered into a nonprejudicial agreement with his employer for workmen's compensation benefits for disability due to "back and chest muscle strain" resulting from the May episode. No agreement was ever entered into with respect to any heart injuries. The petitioner returned to work on June 18, 1973. He experienced dizzy spells and on one occasion, which was not in the course of employment, fell and fractured a rib. As a result, petitioner was absent from work for a four-week period in July 1973, during which time he was paid his regular salary but no compensation benefits.

On November 5, 1973, petitioner again experienced chest pain while carrying heavy boxes upstairs in the course of training a new employee. Subsequently, petitioner was hospitalized for 19 days. Again, he was paid his regular wage but did not receive any workmen's compensation.

In February of 1975, while petitioner was erecting shelving in one of respondent's customer's stores, he felt a reoccurrence of the tightness in his chest. The petitioner was still under medical care in conjunction with this incident at the time he testified before the Workmen's Compensation Commission (the commission).

The petitioner filed an original petition on February 14, 1975, seeking compensation benefits for injuries sustained on May 24, 1973 and November 5, 1973. The petitioner asserted that his heart, back and chest were the affected areas of his body.

After a hearing on the petition, the trial commissioner held that the commission was without authority to hear the

case. The commissioner based this lack of jurisdiction on the fact that petitioner had experienced no diminution in his earning capacity due to the continued payment of his salary at all times. Both parties appealed to the full commission, which found that it did have jurisdiction to entertain the petition. The full commission then awarded petitioner compensation for total incapacity arising from the back injury, but denied compensation for petitioner's heart condition on the ground that petitioner had failed to prove a causal connection between his heart ailment and his employment.

On appeal from the decree of the commission to this court, petitioner asserts that the commission erred in finding no causal connection between his heart ailment and his employment. Further, petitioner contends that the payments made by respondent during the periods of disability were in lieu of compensation benefits and not a gratuity as determined by the commission. The petitioner also claims that he ought to have recovered the cost of the transcript upon the partial success of his appeal to the full commission.

It is well settled that the employee has the burden of proving that there is a causal connection between the injury sustained and his employment. *Costa* v. *Cars, Inc.*, 100 R.I. 682, 219 A.2d 122 (1966); *Nowicki* v. *Byrne*, 73 R.I. 89, 54 A.2d 7 (1947). In order to establish a relation between petitioner's heart condition and his duties at Frito-Lay, Inc., petitioner presented the testimony of his personal physician. The doctor stated that he had diagnosed petitioner's ailment after the warehouse episode in May 1973 as a totally disabling back strain causally related to his employment. The petitioner's physician saw him again the following September, at which time petitioner was complaining of dizziness. The doctor next treated petitioner when he was hospitalized in November 1973. At that time, in the physician's opinion, petitioner had sustained a myocardial infarction which was "possibly" connected to petitioner's work activities.

In rebuttal, respondent presented the testimony of a doctor, a specialist in internal medicine and cardiology, who had examined petitioner at respondent's request. His testimony indicated that he agreed that petitioner had sustained a work-related back strain in May 1973. However, in this doctor's opinion, petitioner's heart problem could most probably be diagnosed as idiopathic pericarditis, a condition not likely to be connected with petitioner's employment.

This court has previously set forth the standard necessary to establish connection between an employee's disability and his employment. The incapacity must be the probable result of the work-related incident, not merely a possible consequence. *Woods* v. *Safeway Sys., Inc.,* 101 R.I. 343, 223 A.2d 347 (1966); *see Taglianetti* v. *Jo-Dee Corp.,* 103 R.I. 552, 239 A.2d 192 (1968). Here, the testimony of petitioner's personal physician was not sufficient to satisfy that standard. The petitioner's doctor only went so far as to say that the heart problem was possibly linked to petitioner's history of injury during the course of employment. The respondent's doctor, as a result of his diagnosis, was reluctant to find even the possibility of a connection. When asked hypothetically if a myocardial infarction might have been related to petitioner's work, the reply of respondent's doctor was only in terms of possibility, not probability, as well.

Based on the testimony of the two doctors, the commission determined that petitioner had failed to prove by a fair preponderance of the evidence that he had sustained a work-related myocardial infarction. We have held that, absent fraud, the findings of the commission are conculsive and cannot be disturbed on appeal if there is any competent evidence to support them. *Auclair* v. *American Silk Spinning Co.,* 109 R.I. 395, 286 A.2d 253 (1972); *Carr Fulflex, Inc.* v. *Borges,* 107 R.I. 648, 270 A.2d 87 (1970). Certainly, the testimony of both doctors supports the conclusion that petitioner failed to prove the probability of a causal relation

between his heart ailment and his employment. We may not otherwise weigh the evidence or assess the credibility of witnesses before the commission. *Auclair* v. *American Silk Spinning Co., supra; Hoard* v. *West Chem. Co.,* 105 R.I. 295, 251 A.2d 533 (1969). We therefore affirm the commission's finding of no causal relation between petitioner's heart condition and his employment.

According to G.L. 1956 (1968 Reenactment) §28-35-9, an employer or insurer who makes payments to an employee without executing a memorandum of agreement admits that the employee is entitled to workmen's compensation benefits and receives no credit for the payments if the employee is awarded compensation under the Workmen's Compensation Act. Therefore, petitioner claims that the compensation paid by respondent during each period of his incapacity was an admission of petitioner's entitlement to workmen's compensation benefits, including the periods of his disability due to the heart condition. In *Rickey* v. *Rhode Island Hosp. Trust Nat'l Bank,* 114 R.I. 672, 337 A.2d 528 (1975), we said that payments of weekly salary were equivalent to "payment of compensation" under §28-35-9. However, in *Rickey* the employee had been told that the employer expected to be reimbursed out of any workmen's compensation award. In the instant case, there was no evidence of any such knowledge on the part of petitioner or any agreement, either oral or written. Even when petitioner and respondent had entered into a nonprejudicial agreement for compensation for the May 1973 incapacity, respondent made salary payments to petitioner without any agreement as to reimbursement. Thus, the commission logically assumed that such payments were intended as a gratuity.

Further, this court has said that when the employee is clearly unable to work during his periods of disability, as here, his earning capacity has in fact been diminished and salary payments may be deemed a gratuity. *See Kilsey* v. *Chuck Wagon, Inc.,* 119 R.I. 443, 379 A.2d 919 (1977); *Trzoniec* v. *General Controls Co.,* 100 R.I. 448, 216 A.2d

886 (1966). Indeed, the full commission based its authority to hear the case on the presumption that the payments were a gratuity; otherwise, petitioner would have suffered no loss in earning capacity. Therefore, in light of the lack of any agreements to the contrary, the commission reasonably found that the payments were not compensatory. Consequently, petitioner is not entitled to recover benefits under §28-35-9.

The petitioner was awarded counsel and witness fees by the full commission, presumably in accordance with §28-35-32. That section of the Workmen's Compensation Act awards costs to employees who successfully prosecute certain specified petitions or who successfully defend, in whole or in part, petitions for review filed by employers. The petitioner contends that the commission erred in failing to award him the cost of the transcript as well as counsel and witness fees. Although the statute does not specifically award transcript costs, we permitted an employee who was successful in defending against a petition to review to recover the cost of the transcript in *General Rd. Trucking Corp.* v. *Pina*, 110 R.I. 7, 289 A.2d 425 (1972). Thus, the term "costs" in §28-35-32 *may* include the transcript cost. However, in the instant case the petitioner was only partially successful in *prosecuting* his petition, not in defending against an employer's petition. Section 28-35-32 clearly differentiates between the two situations and does not permit recovery of costs where the employee had initiated the proceedings and failed to be wholly successful. *See Lemoine* v. *Coby Glass Prods. Co.*, 115 R.I. 86, 341 A.2d 40 (1975). Therefore, the petitioner is not entitled to recover the transcript fee, and the commission did not err in failing to award the cost of the transcript.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the Workmen's Compensation Commission.

Mr. Justice Paolino participated in the decision but retired prior to its announcement.

*Bernard W. Boyer*, for petitioner.

*Higgins, Cavanagh & Cooney, Harold E. Adams, Jr.,
John C. Peterson*, for respondent.