COMMONWEALTH of Pennsylvania, Appellant

v.

**Andrew Keith ENIMPAH, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 24, 2012.

Filed Feb. 6, 2013.

Reargument Denied April 11, 2013.

Nichole L. Eisenhart, Assistant District Attorney, Lebanon, for Commonwealth, appellant.

Roy L. Galloway, III, Lemoyne, for appellee.

BEFORE: SHOGAN, J., LAZARUS, J., and OTT, J.

OPINION BY LAZARUS, J.

The Commonwealth of Pennsylvania appeals from the order entered by the learned Honorable Bradford Charles of the Court of Common Pleas of Lebanon County in favor of appellee, Andrew Enimpah, granting his motion to suppress. Enimpah was charged with one count of possession with intent to deliver a controlled substance,[1] one count of possession of a controlled substance,[2] and one count of possession of drug paraphernalia.[3] Because the Commonwealth failed to meet its

1. 35 Pa.S.A. § 780-113(a)(30).

2. 35 Pa.S.A. § 780-113(a)(16).

3. 35 Pa.S.A. § 780-113(a)(32).

4. "The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation

burden of production at Enimpah's motion to suppress hearing, we affirm.

The facts are not at issue in this case. Enimpah and Jesse Tillison were both passengers in a Chrysler Concorde on June 15, 2011, when they were approached by Officer Lawrence Minnick. Aff. of Probable Cause, at 1. Officer Minnick asked Enimpah to exit the vehicle, and as Enimpah did so, the officer noticed a plastic sandwich bag fall from Enimpah's lap. *Id.* Officer Minnick obtained the consent of the driver, an unnamed third party, to search the car, and located the bag, which appeared to contain crack cocaine. N.T. Suppression, 1/4/2012, at 8. Both Tillison and Enimpah denied having any knowledge or possession of the bag. Aff. of Probable Cause, at 1.

■ Enimpah moved to suppress the evidence as gathered in violation of the Fourth Amendment of the U.S. Constitution and Article 1, Section 8 of the Pennsylvania Constitution.[4] On January 4, 2012, the parties appeared for a pre-trial suppression hearing. Despite having the arresting officer in the courtroom, the attorney representing the Commonwealth, Nichole Eisenhart, Esquire, refused to call him as a witness or to present any evidence, arguing that Enimpah bore an initial "burden of proof" that he had a reasonable expectation of privacy in the contraband or the car. N.T. Suppression, 1/4/2012, at 7–8. Attorney Eisenhart con-

subscribed by the affiant." PA. CONST. art. I, § 8. While this language echoes that of the U.S. Constitution, the Pennsylvania Supreme Court has held that the Pennsylvania Constitution provides a higher level of protection than the Fourth Amendment as interpreted by the United States Supreme Court. *Commonwealth v. Sell*, 504 Pa. 46, 470 A.2d 457 (1983). Thus, we examine this case under Pennsylvania law.

sistently confused the term "burden of proof" with "burden of production." Judge Charles informed Attorney Eisenhart that she bore a burden of *production* to at least present evidence that would allow the court to examine the merits of the motion. *Id.* at 9–10. When Attorney Eisenhart refused to present any evidence, Judge Charles ruled in Enimpah's favor. *Id.* at 12–14. The Commonwealth filed this timely appeal.

The Commonwealth argues that Enimpah had a preliminary burden to prove the existence of a reasonable expectation of privacy prior to the merits phase of a suppression hearing and that the trial court erred in shifting the burden of proof to the Commonwealth pursuant to Pa. R.Crim.P. 581(H) before Enimpah had met that burden. The Rules and caselaw do not support such a legal analysis.

■ As this is entirely a question of law, the scope of our review is plenary and our standard of review is *de novo. Commonwealth v. Williams,* 920 A.2d 887 (Pa.Super.2007); *See also Commonwealth v. Nester,* 551 Pa. 157, 709 A.2d 879, 881 (1998). We focus on the correct procedure and distribution of burdens when a defendant moves to suppress the Commonwealth's evidence of his possessory offense.

Pennsylvania Rule of Criminal Procedure 581 provides in relevant part:

(A) The defendant's attorney, or the defendant if unrepresented, may make a motion to the court to suppress any evidence alleged to have been obtained in violation of the defendant's rights.

. . .

(D) The motion shall state specifically and with particularity the evidence sought to be suppressed, the

grounds for suppression, and the facts and events in support thereof.

(E) A hearing shall be scheduled in accordance with Rule 577 (Procedures Following Filing of Motion). A hearing may be either prior to or at trial, and shall afford the attorney for the Commonwealth a reasonable opportunity for investigation. The judge shall enter such interim order as may be appropriate in the interests of justice and the expeditious disposition of criminal cases.

. . .

(H) The Commonwealth shall have the burden of going forward with the evidence and of establishing that the challenged evidence was not obtained in violation of the Defendant's rights. The defendant may testify at such hearing, and if the defendant does testify, the defendant does not thereby waive the right to remain silent during trial.

Pa.R.Crim.P. 581.

■ This would seem to create an initial burden on a defendant to plead his or her case in a motion to the court, which, if the defendant meets the specificity and particularity requirements of Pa.R.Crim.P. 581(D), would trigger a hearing to consider the merits of the motion under Rule 581(E). The official comment to Rule 581 states: "In all cases, the burden of production is now upon the Commonwealth. The burden of persuasion is there as well." Official Comment to Pa.R.Crim.P. 581 (internal citations omitted). At the suppression hearing, the Commonwealth has the primary burden of both production under 581(H) and persuasion (as the official comment instructs) to convince the court that the evidence was legally obtained.[5]

**5.** In order to bring a motion to suppress under Rule 581(A), a defendant must first show standing to challenge the evidence, although in possessory offenses such as this, standing is

These burdens are encompassed by the term "burden of proof." "The burden of proof really consists of two separate burdens, the burden of production or going forward, and the burden of persuasion." *Commonwealth ex rel. Butler v. Rundle,* 429 Pa. 141, 239 A.2d 426, 427 (1968). Rule 581(H)'s command that the "Commonwealth shall have the burden of going forward with the evidence" is identical to saying that it has the burden of production, as the Pennsylvania Supreme Court has used the terms "burden of production" and "burden of going forward" interchangeably. *See id.* This Court has defined these burdens as "the burden of *producing* satisfactory evidence of a particular fact in issue; and ... the burden of *persuading* the trier of fact that the fact alleged is indeed true." *Commonwealth v. Jury,* 431 Pa.Super. 129, 636 A.2d 164, 169 n. 5 (1993) (emphasis added).

Independent of the Rules, our caselaw establishes that a defendant has an "obligation to demonstrate that the challenged police conduct implicated a reasonable expectation of privacy that he personally possessed." *Commonwealth v. Millner,* 585 Pa. 237, 888 A.2d 680, 691 (2005). Thus, our Supreme Court has held that defendants must convince the trial court that the Commonwealth violated his or her reasonable expectation of privacy in order for suppression to be proper. "[A] defendant cannot prevail upon a suppression motion unless he demonstrates that the challenged police conduct violated his own, personal privacy interests." *Id.* at 692. Therefore, while the Commonwealth has the burden of going forward under Pa.R.Crim.P. 581(H), the defendant still must meet a burden of persuasion that his or her expectation of privacy was violated.

The Commonwealth's position is at odds with this interpretation, arguing that "[a]bsent a showing of a reasonable expectation of privacy in an area searched or items seized, the burden **never** shifts to the Commonwealth to establish the lawfulness of the police conduct." Appellant's Brief, at 16 (emphasis in original). This position is incorrect.

In *Millner,* upon which the Commonwealth extensively relied, the Supreme Court stated that showing a reasonable expectation of privacy is required to "prevail upon a suppression motion." *Millner, supra* at 692. As one can only prevail at the merits phase, this suggests the reasonable expectation of privacy inquiry is a part of the merits phase of the suppression hearing. The *Millner* Court also held that "[s]tanding denotes the existence of a legal interest. In the context of this case, the term refers specifically to appellant's *right to have the merits of his suppression motion adjudicated* without a preliminary showing of ownership or possession in the premises or effects seized." *Id.* at 691 (emphasis added, quoting *Commonwealth v. Peterson,* 535 Pa. 492, 636 A.2d 615, 617 (1993)). Given automatic standing, the court must proceed to the merits phase of the hearing under Rule 581(E), where burden of going forward is placed on the Commonwealth by Rule 581(H).

Based on *Millner,* this Court has explained that "[w]hether [the] defendant has a legitimate expectation of privacy is *a component of the merits analysis* of the suppression motion. The determination whether [the] defendant has met this burden is made upon evaluation of the evidence *presented by the Commonwealth and the defendant." Commonwealth v.*

---

automatic. *Sell, supra.* The Commonwealth does not question Enimpah's standing to challenge the search. Commonwealth's Brief, at 16.

*Burton,* 973 A.2d 428, 435 (Pa.Super.2009) (emphasis added).[6]

As the learned Judge Charles writes in his opinion, there is a critical feature to possessory offenses that makes the presentation of evidence by the Commonwealth necessary. Suppression Court Opinion, 2/22/2012, at 12. Forcing a defendant to assert his expectation of privacy over contraband, as in the instant case, could be tantamount to forcing him to confess to the crime, in violation of his Fifth Amendment rights against self-incrimination. *Id.* The Commonwealth argues that Enimpah could have argued he had a privacy interest in the vehicle as an alternative to asserting a privacy right in the contraband. However, this may not be true in every case, and we cannot fashion a rule based on this isolated fact pattern. Requiring the Commonwealth to show that the evidence in question was legally obtained does not present an onerous burden in this case; testimony from the arresting officer, who was present in the courtroom at Enimpah's suppression hearing, that he had consent to search the vehicle would likely have ended the inquiry.

■■■■ We hold that in the merits phase of a suppression inquiry, it is not enough for the Commonwealth to simply sit on its hands as it did here, but rather it must meet a burden of production, and bring its evidence before the suppression court, which can then make a fully informed decision. This does not, however, excuse the defendant from meeting the burden of persuasion on his or her reasonable expectation of privacy. As the Commonwealth essentially refused to contest Enimpah's motion, Judge Charles was well

within his discretion to grant the motion and suppress the evidence.

Order affirmed.

---

6. Judge Charles also relies on *Burton* in his opinion. Suppression Court Opinion,