J. S55043/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                      :            PENNSYLVANIA
                v.                      :
                                        :
WILLIAM MASON IBBETSON,        :          No. 4072 EDA 2017
                                        :
             Appellant        :

Appeal from the PCRA Order, November 15, 2017,
in the Court of Common Pleas of Bucks County
Criminal Division at No. CP-09-CR-0007814-2014

BEFORE: OLSON, J., STABILE, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED DECEMBER 24, 2018**

Appellant appeals from the November 15, 2017 order entered by the Court of Common Pleas of Bucks County denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

A previous panel of this court provided the following synopsis of the facts of this case:

> In 2008, [a]ppellant was convicted of a felony offense under the Controlled Substance, Drug, Device, and Cosmetic Act.[Footnote 2] Following his release from custody he was, thus, under the supervision of the Board of Probation and Parole. On November 7, 2011, he was declared delinquent from parole supervision. Agent Justin Kennett, of the Board of Probation and Parole, was assigned to Appellant's case and led the investigation into [a]ppellant's whereabouts.

> [Footnote 2] 35 P.S. §§ 780-101, *et seq.*

On August 4, 2014, Sergeant George Volpe [("Sergeant Volpe")] of the Northampton County Sheriff's Department received information that [a]ppellant was staying at 717 Bushkill Street in Easton, and that [a]ppellant might have been in possession of a firearm. Accompanied by Parole Agent Timothy Budgeon, [Sergeant] Volpe responded to that address. Appellant's mother, Ms. Debbie Ibbetson, allowed officers in and directed them to a third-floor bedroom, where they observed in plain view men's clothing, including a denim motorcycle vest, mail bearing [a]ppellant's name, and a Glock handgun, serial number HWN466, in a partially opened drawer. Officers did not seize evidence at that time.

On September 3, 2014, Agent Kennett organized a multi-agency search for [a]ppellant that led to 2410 Emerald Lane in Trumbauersville, Bucks County. Trooper John Cargan of the Pennsylvania State Police knocked and announced his presence but received no response. He kicked the door, at which time [a]ppellant's daughter opened it, and officers entered the residence.

Trooper Cargan met with the homeowner, Ms. Judith Soldo, who signed a consent form authorizing a search of the residence. In the second floor master bedroom, Trooper Cargan observed in plain view a black .9mm handgun, serial number HWN466, and loaded magazine in an open cigar box. Trooper Cargan also observed in plain view a black North Face backpack, partially open and containing men's clothing, documents and ID bearing [a]ppellant's name, and a denim motorcycle vest. Ms. Soldo confirmed [a]ppellant had stayed in the second floor master bedroom with her the night of September 2, 2014, and no other men stayed in that room on a regular basis. She did not recognize the gun or backpack.

Trooper Andrew Watkins, preparing to leave the residence following the search, heard a motorcycle. Trooper Watkins approached the road and observed [a]ppellant, sans helmet, on the motorcycle. Trooper Watkins identified himself as a police officer and ordered [a]ppellant to pull over. Instead, [a]ppellant drove away, off road across a grassy field and around a retention basin. On October 28, 2014, he was arrested at another location by Pennsylvania State Police Officers.

Trial commenced June 9, 2015, and concluded June 10, 2015. Based on the evidence introduced at trial, a jury convicted [a]ppellant of the above-enumerated offenses. On June 17, 2015, the court sentenced [a]ppellant to four and one-half to ten years' incarceration, followed by three years' probation.

*Commonwealth v. Ibbetson*, 159 A.3d 37 (Pa.Super. 2016) (unpublished memorandum) (footnote 3 omitted). This court affirmed appellant's judgment of sentence. *Id.*

Appellant filed the instant PCRA petition on June 8, 2017. The PCRA court denied appellant's petition for relief on November 15, 2017. Appellant filed a timely notice of appeal to this court on December 15, 2017. The PCRA court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on December 28, 2017. Appellant timely complied on January 9, 2018.

Appellant raises the following issue for our review:

Did the [PCRA] court err in denying [] appellant's PCRA petition because trial counsel was ineffective for failing to raise at suppression the fact that Deputy Sergeant Volpe did not have probable cause or a search warrant when he lifted a gun in plain

view to check the identification number in a room previously occupied by [] appellant?

Appellant's brief at 3 (full capitalization omitted).

PCRA petitions are subject to the following standard of review:

> "[A]s a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." **Commonwealth v. Dennis**, [], 17 A.3d 297, 301 ([Pa. ]2011) (citation omitted). A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court. **Id.** at 305 (citations omitted). To obtain PCRA relief, appellant must plead and prove by a preponderance of the evidence: (1) his conviction or sentence resulted from one or more of the errors enumerated in 42 Pa.C.S.[A.] § 9543(a)(2); (2) his claims have not been previously litigated or waived, **id.** § 9543(a)(3); and (3) "the failure to litigate the issue prior to or during trial . . . or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel[,]" **id.** § 9543(a)(4). An issue is previously litigated if "the highest appellate court in which [a]ppellant could have had review as a matter of right has ruled on the merits of the issue[.]" **Id.** § 9544(a)(2). "[A]n issue is waived if [a]ppellant could have raised it but failed to do so before trial, at trial, . . . on appeal or in a prior state postconviction proceeding." **Id.** § 9544(b).

**Commonwealth v. Treiber**, 121 A.3d 435, 444 (Pa. 2015).

Under the PCRA, an individual is eligible for post-conviction relief if the conviction was the result of "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken

place." 42 Pa.C.S.A. § 9543(a)(2)(ii). When considering whether counsel

was ineffective, we are governed by the following standard:

> [C]ounsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. **Strickland v. Washington**, 466 U.S. 668 [] (1984). This Court has described the **Strickland** standard as tripartite by dividing the performance element into two distinct components. **Commonwealth v. Pierce**, [] 527 A.2d 973, 975 ([Pa. ]1987). Accordingly, to prove counsel ineffective, the petitioner must demonstrate that (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) the petitioner was prejudiced by counsel's act or omission. **Id.** A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs.
>
> **Commonwealth v. Busanet**, [] 54 A.3d 34, 45 ([Pa. ]2012) (citations formatted). Furthermore, "[i]n accord with these well-established criteria for review, [an appellant] must set forth and individually discuss substantively each prong of the **Pierce** test." **Commonwealth v. Fitzgerald**, 979 A.2d 908, 910 (Pa.Super. 2009).

**Commonwealth v. Perzel**, 116 A.3d 670, 671-672 (Pa.Super. 2015),

**order vacated on other grounds**, 166 A.3d 1213 (Pa. 2017).

We must first determine whether appellant's claim has any arguable

merit. In order to do so, we must determine whether Sergeant Volpe

violated the plain view doctrine when he lifted a gun in plain view to check

the identification number. Appellant argues that because Sergeant Volpe's sole purpose in checking the gun's serial number was for the purpose of a criminal investigation, he was required to have probable cause or a search warrant. (Appellant's brief at 13-14.) The Commonwealth contends that appellant failed to meet his burden of proof to establish that Sergeant Volpe lacked probable cause. (Commonwealth's brief at 23.)

During a pre-trial suppression hearing, the Commonwealth bears the burden of convincing the court that the evidence at issue was legally obtained. *Commonwealth v. Enimpah*, 62 A.3d 1028, 1031 (Pa.Super. 2013), *affirmed*, 106 A.3d 695 (Pa. 2014). In the context of the PCRA, however, the burden shifts to the petitioner, who is required to establish, *inter alia*, that his or her claim of ineffective assistance of counsel is of arguable merit. *Commonwealth v. Spotz*, 84 A.3d 294, 307 (Pa. 2014). We find that appellant failed to meet his burden of establishing that his claim has arguable merit.

A search and seizure of an item under the plain view doctrine is permissible under the following circumstances:

> (1) the [government officials] have not violated the Fourth Amendment in arriving at the location from which the item could be viewed; (2) the item is in plain view; (3) the incriminating character of the item is immediately apparent; and (4) the [government officials] have a lawful right of access to the item itself.

***Commonwealth v. Smith***, 85 A.3d 530, 537 (Pa.Super. 2014), quoting ***Commonwealth v. Jones***, 988 A.2d 649, 656 (Pa. 2010) (citation omitted).

Here, Sergeant Volpe was dispatched to assist in locating appellant in response to a parole violation warrant issued by the Board of Probation and Parole. Upon observing the gun in plain view, Sergeant Volpe had developed the requisite reasonable suspicion to pick up the gun and check its serial number, as his presence in the third-floor bedroom of Ms. Ibbetson's house did not violate the Fourth Amendment. Moreover, the gun was in plain view, as it was found in a partially open drawer, the gun's incriminating character was immediately apparent as appellant's possession of the gun was a violation of his parole, and Sergeant Volpe had a lawful right of access to the gun itself. Accordingly, we find that appellant failed to satisfy his burden of establishing that the underlying legal issue to his ineffective assistance of counsel is of arguable merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/18