J-S61025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KHAM KOTANOE | : | |
| | : | |
| Appellant | : | No. 1621 EDA 2017 |

Appeal from the Judgment of Sentence April 20, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0010315-2015,
MC-51-CR-0027531-2015

BEFORE:  BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY BOWES, J.:                              **FILED MARCH 05, 2019**

Kham Kotanoe appeals from the judgment of sentence of two and one-half to five years of imprisonment imposed for his conviction for possession of a controlled substance with intent to deliver ("PWID").  Specifically, Appellant challenges the denial of his pretrial suppression motion.  Upon review, we vacate Appellant's judgment of sentence and remand with instructions.

The underlying facts are as follows.  In August of 2015, Philadelphia police officer James Coolen undertook surveillance of 2701 Snyder Avenue based upon information obtained from a confidential informant ("CI").  From a driveway across from the rear driveway of that address, Officer Coolen observed the CI make four controlled buys of cocaine and heroin on different dates.  Most of the sales were completed out of a white BMW driven by Russell Barnes in the rear driveway of the residence.  On one occasion, following a

call from the CI, Barnes exited a door of the Snyder Avenue residence marked as apartment A to conduct the transaction in the rear driveway. With this information, Officer Coolen obtained a warrant to search the BMW and apartment A of the residence. After stopping Russell in the BMW on the street near the residence and searching the vehicle, the police executed the warrant on the residence, where they found guns, drugs, and Appellant sitting on a mattress on the floor.

Appellant was arrested and charged with drug and firearms violations. He filed a pretrial motion seeking suppression of evidence and statements based upon, *inter alia*, violation of the Fourth Amendment and Article I, Section 8 of the Pennsylvania Constitution. At the start of a joint hearing on the suppression motions filed by Appellant and Barnes, Appellant specified that one of the grounds for his motion was Officer Coolen's failure to knock and announce before executing the warrant. While testifying at the hearing, Officer Coolen offered no evidence concerning the circumstances of his entry into the residence. Appellant argued that his motion should be granted given the lack of evidence, prompting the Commonwealth to ask to recall Officer Coolen. The trial court did not expressly deny the request, but Officer Coolen was not recalled to offer further testimony. The court took the matter under advisement, and ultimately denied the motion.

At a non-jury trial, Appellant was found not guilty of the firearms charges, but guilty of PWID and simple possession. Appellant was sentenced

as indicated above on April 20, 2017.[1]  Appellant filed a timely notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant presents the following question for our review: "Did not the lower court err in denying Appellant's motion to suppress physical evidence where there was no evidence the police made any attempt to comply with the knock and announce rule?"  Appellant's brief at 3.

We consider Appellant's question mindful of the following.

> An appellate court's standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct.  Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole.  Where the suppression court's factual findings are supported by the record, the appellate court is bound by those findings and may reverse only if the court's legal conclusions are erroneous.  Where the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts.  Thus, the conclusions of law of the courts below are subject to plenary review.

*Commonwealth v. Smith*, 164 A.3d 1255, 1257 (Pa.Super. 2017) (cleaned up).

Pennsylvania's knock and announce procedures are codified at Pa.R.Crim.P. 207.  That rule provides the following:

---

[1] The trial court merged the possession conviction with PWID for sentencing purposes.

- 3 -

(A) A law enforcement officer executing a search warrant shall, before entry, give, or make reasonable effort to give, notice of the officer's identity, authority, and purpose to any occupant of the premises specified in the warrant, unless exigent circumstances require the officer's immediate forcible entry.

(B) Such officer shall await a response for a reasonable period of time after this announcement of identity, authority, and purpose, unless exigent circumstances require the officer's immediate forcible entry.

(C) If the officer is not admitted after such reasonable period, the officer may forcibly enter the premises and may use as much physical force to effect entry therein as is necessary to execute the search.

Pa.R.Crim.P. 207. This Court has offered the following discussion about the knock and announce rule.

> The purpose of the knock and announce rule is to prevent violence and physical injury to the police and occupants, to protect an occupant's privacy expectation against the unauthorized entry of unknown persons, and to prevent property damage resulting from forced entry. The purpose of the rule may be achieved only through police officers' full compliance. Indeed, our Supreme Court has held that in the absence of exigent circumstances, forcible entry without announcement of identity, authority and purpose violates Article I, Section 8 of the Pennsylvania Constitution, which proscribes unreasonable searches and seizures. Our Supreme Court has determined that the remedy for noncompliance with the knock and announce rule is always suppression.

*Commonwealth v. Frederick*, 124 A.3d 748, 755 (Pa.Super. 2015) (cleaned up).

At a hearing on a suppression motion, "it is the Commonwealth's burden to prove, by a preponderance of the evidence, that the challenged evidence was not obtained in violation of the defendant's rights." *Commonwealth v.*

***Wallace***, 42 A.3d 1040, 1047-48 (Pa. 2012). In the context of a claim that the police did not comply with knock and announce procedures, the Commonwealth meets its burden "by establishing either that the police complied with the knock and announce rule or that the circumstances satisfied an exception." ***Frederick***, ***supra*** at 755 (internal quotation marks and emphasis omitted).

In the instant case, the record contains only the following evidence regarding Officer Coolen's entry into the residence to execute the search warrant.

> Q. Okay. So you conducted the search of 2701 Snyder Avenue after you stopped the defendant?
>
> A. That's correct.
>
> Q. About how long after?
>
> A. Maybe 10 minutes.
>
> Q. Okay. So, safe to say, then, you served this search warrant at 2701 Snyder Avenue approximately 2:45?
>
> A. Yes.
>
> Q. Okay. And what happens when you serve the search warrant at 2701 Snyder Avenue?
>
> A. Once inside that location, Your Honor, there was an apartment to the left after you went in that front door. [Appellant] was sitting on the bed in that location. . . .

N.T. Pretrial Motions, 6/14/16, at 27-28.

Following the close of evidence on the motions, Appellant argued that the Commonwealth failed to offer evidence that the police either knocked and

announced, or were faced with exigent circumstances. *Id*. at 75. He argued that the evidence in the record suggested that the police did not knock and announce. Officer Coolen's testimony compared the size of the entire apartment to the size of the courtroom's jury box; thus, the ability to hear was not an issue. He added, "I don't think people cuddle with an AR-15 when they hear that there are police at the door waiting to come in." *Id*. at 76.

The Commonwealth responded to the argument as follows.

> Judge, just to address the knock and announce portion, and that, I suppose, is my fault just for not asking him. The officer testified that after they served the search warrant, and we went from there. Ms. Snyder [(counsel for Appellant)] didn't ask him a single question about what he did when he got there. So, the testimony is that he served the search warrant in accordance with the way that you serve a search warrant, and that's the testimony that came out. She didn't cross examine him. She asked him actually zero questions. So I would ask you to basically just disregard that argument.

*Id*. at 76-77.

Appellant provided authority to the suppression court for the proposition that the Commonwealth at a suppression hearing initially has both the burden of production and persuasion to demonstrate that the evidence was legally obtained. *Id*. at 81 (citing *Commonwalth v. Enimpah*, 62 A.3d 1028, 1031 (Pa.Super. 2013)). The Commonwealth responded, "Well, then, Judge, I would ask to just recall Officer Coolen." *Id*. Counsel for Barnes objected. *Id*. The court inquired whether the issue was addressed during Officer Coolen's direct examination, and both Appellant and the Commonwealth agreed that there was no evidence either way from the officer. *Id*. at 82. The

Commonwealth, however, maintained that no negative inference could be made from the absence of evidence that the police did knock and announce. *Id*. at 82-83. Counsel for Appellant reiterated that the burden of proof was on the Commonwealth and that Appellant had no burden to produce evidence; hence there was no obligation for her to delve into the subject on cross-examination. *Id*. at 83. The trial court responded, "I'm not faulting you one way or the other. All I'm saying is that I sort of understand both of your points of view." *Id*. The court then stated "I think we're done, and what I'm going to do is take the request under advisement." *Id*.

In its Rule 1925 opinion, the trial court indicates that, with "no evidence that Officer Coolen did not abide by all knock and announce procedures," and the fact that "it is standard procedure that to serve a search warrant, an officer must comply with the knock and announce rule[,]" it properly denied Appellant's motion because "the officer's testimony that he served the search warrant in accordance with the way that you serve a search warrant suggests that he also abided by the knock and announce rule." Trial Court Opinion, 11/3/17, at 6 (unnecessary capitalization omitted).

The record does not support the trial court's findings. Contrary to the trial court's representation, Officer Coolen did **not** testify that he served the warrant "in accordance with the way that you serve a search warrant." As detailed above, Officer Coolen merely responded "yes" when asked if he served the warrant, then, when asked what happened when he served it, he

went straight to describing being inside the residence. As both Appellant and the Commonwealth acknowledged at the hearing, there was simply no evidence either way about whether the officers complied with the knock and announce rule. N.T. Pretrial Motions, 6/14/16, at 82.

Nor are we persuaded by the trial court's assertion that the lack of evidence that the officer knocked and announced does not require a finding that Rule 207 was not followed. The court cites **Commonwealth v. Kane**, 940 A.2d 483, 492 (Pa.Super. 2007), for the proposition that "where the purpose of the rule has not been offended and where police conduct is reasonable, suppression will not be granted based upon an overly-technical approach to the knock and announce rule." Trial Court Opinion, 11/3/17, at 8. The **Kane** decision is inapt here. First, the Commonwealth in the instant case offered no evidence to demonstrate what conduct the police undertook, let alone evidence that they acted reasonably. Second, the police in **Kane** knocked and announced three times at one door of the structure at issue, but, once in, failed to knock on a doorway that connected one portion of the building to another before proceeding to the latter portion. **Kane**, **supra** at 487-88. Here, there is no indication that the police knocked or announced at any point.

Similarly, the court's reliance upon **Commonwealth v. McDonnell**, 516 A.2d 329, 332 (Pa. 1986), is misplaced. In that case, our Supreme Court found no knock and announce violation where the officers entered a porch

door and walked across the six-foot porch area before knocking on the door to the attached house and announcing their intent to execute a warrant. The Court noted the officers' testimony of their belief that the rule's purpose would not have been served by knocking on the door to the visibly-unoccupied porch, and that the warrant was ultimately served peaceably, prior to commencement of any search, when the occupant of the house answered the knock to the house door and allowed the officers into the house. Again, in the instant case there is no evidence that Officer Coolen made an attempt to knock or announce at any entrance to the apartment.

As such, it is clear that the Commonwealth did not meet its burden of production in establishing that the search was not unconstitutional. However, that does not end our inquiry, as the trial court and the Commonwealth both raise waiver arguments as alternative bases to affirm the trial court's ruling. The Commonwealth asserts that Appellant waived his knock and announce claim by not raising it with sufficient specificity in his suppression motion. Commonwealth's brief at 6. The trial court suggests that "the defense waived its right to now argue that the requirements of Rule 207 were not met when it objected to Officer Coolen being recalled." Trial Court Opinion, 11/3/17, at 6. We are not persuaded by either contention.

Appellant's written motion stated as basis for suppression, *inter alia*, the violation of his right to be free from unreasonable searches under the Fourth

Amendment and Article I, Section 8 of the Pennsylvania Constitution.[2] The Commonwealth did not object to any lack of specificity in the motion, and brought the relevant witness to the hearing. When asked by the court at the outset of the hearing to state the bases for suppression, Appellant clearly identified Officer Coolen's failure to knock and announce. N.T. Pretrial Motions, 6/14/16, at 8. Again, there was no objection from the Commonwealth. Under these circumstances, Appellant's failure to specifically reference Rule 207 or knock and announce in his written motion does not warrant waiver. *Compare Commonwealth v. Downey*, 39 A.3d 401, 404 (Pa.Super. 2012) (declining to find suppression issue waived, although it was not raised in a timely written motion, where Commonwealth did not object to the oral motion and the trial court addressed it in the merits), *with Commonwealth v. Freeman*, 128 A.3d 1231, 1242 (Pa.Super. 2015) (finding issue waived where it was neither stated with specificity in written motion nor offered at the suppression hearing when court asked for basis of requesting suppression).

Nor are we convinced that Appellant forfeited his right to hold the Commonwealth to its duty to come forth with evidence because there was an objection to the Commonwealth's request to recall Officer Coolen. According

---

[2] The record before us does not contain co-defendant Barnes's suppression motion; thus, we are unaware of whether Barnes specified a Rule 207 violation.

to the hearing transcript, it was counsel for co-defendant Barnes who raised the objection. N.T. Pretrial Motions, 6/14/16, at 81. There is no indication that counsel for Appellant joined the objection; rather she informed the court of her position that Officer Coolen had failed to address whether he had knocked and announced, and maintained that it was not her duty to elicit testimony on the subject from him. *Id*. at 81-83. Instead of making an express ruling on the Commonwealth's request, the court ambiguously stated "I think we're done, and what I'm going to do is take the request under advisement." *Id*. at 83. We decline to hold that such a record calls for the harsh result of deeming Appellant's claim waived.

However, we agree with the Commonwealth that, given Appellant's initial lack of specificity in the stated grounds for suppression and his apparent failure to accede to the Commonwealth's request to immediately correct its evidentiary oversight, a supplemental suppression hearing rather than the award of a new trial is warranted.[3] ***See*** Commonwealth's brief at 7-8 (citing, *inter alia*, ***Commonwealth v. Ryan***, 442 A.2d 739, 744-45 (Pa.Super. 1982)

_____

[3] In his reply brief, Appellant argues that the Commonwealth waived the claim that the trial court erred in not allowing it to recall Officer Coolen based both upon the lack of the entry of a reviewable order denying the request and the Commonwealth's failure to object "to the lower court handling its request in this manner[.]" Appellant's reply brief at 5 (citing Pa.R.A.P. 302(a)). However, "[t]he general rule that issues not raised in the lower court may not be raised on appeal applies only to appellants, not to appellees. . . . An appellee has no obligation to preserve any argument in the lower court." ***Yorty v. PJM Interconnection, L.L.C.***, 79 A.3d 655, 666 n.7 (Pa.Super. 2013). Therefore, waiver does not apply.

(holding trial court erred in refusing to reopen suppression hearing, despite Commonwealth's initial refusal to offer evidence, where the request was made before the record demonstrated that the proceedings were closed)).

Given the trial court's errors and both parties' failure to abide by the letter of the law, we vacate Appellant's judgment of sentence and remand for the trial court to conduct a supplemental suppression hearing solely on Appellant's claim that the evidence obtained as a result of the search of 2701 Snyder Avenue must be suppressed because the police failed to comply with Rule 207 in executing the warrant. "If the suppression court determines the challenged evidence is to be suppressed, then a new trial is granted. If, however, the court determines the evidence is not to be suppressed, the judgment of sentence [shall be reimposed] and [A]ppellant may file a timely appeal from that determination, if he so desires." ***Commonwealth v. Hall***, 302 A.2d 342, 346 (Pa. 1973).

Judgment of sentence vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/5/19

- 12 -